GEORGE W. SAVAGE, as Administrator, etc., of JOHN Y. SAVAGE, Deceased, Respondent, *v.* THIRD AVENUE RAILROAD COMPANY, Appellant.

*Negligence — injury to a person attempting to board a street car while in motion — when proof of a stoppage of the car is essential to the plaintiff's success — request to charge.*

One seeking to become a passenger on a railway car has the right to insist that the car shall come to a stop to enable him to do so. If the car does not come to a stop, the railway company is not at fault if the would-be passenger attempts to board the car while it is in motion, unless it appears that the speed of the car, after being so much diminished as to constitute a tacit invitation to him to become a passenger, is suddenly accelerated without notice while he is in the act of getting on the car in pursuance of such invitation.

In an action brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by reason of a railway car, which had stopped at his signal, being suddenly started while he was attempting to board it, it is essential to the plaintiff's success to show the fact that the car actually stopped.

What request by the defendant to the court to charge the jury in this respect is sufficiently definite to present this question on an appeal from a judgment in favor of the plaintiff, considered.

PATTERSON, J., dissented.

APPEAL by the defendant, the Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of November, 1897, upon the verdict of a jury for $5,500, and also from an order, entered in said clerk's office on the 11th day of November, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Nathan Ottinger,* for the appellant.

*Frank Herwig,* for the respondent.

RUMSEY, J. :

The action was brought to recover damages for the killing of the plaintiff's intestate, John Y. Savage. Upon the trial the plaintiff had a verdict, and a motion of the defendant for a new trial was denied; and from the judgment and order entered thereafter this appeal is taken. The accident, by reason of which the intestate

suffered the injuries resulting in his death, occurred at a point where Rivington street enters the Bowery from the east. This street does not cross the Bowery, but stops on the east side. A walk extends across the Bowery in the prolongation of each of the sidewalks of Rivington street. The claim of the plaintiff is that his intestate, standing upon the south crosswalk of Rivington street, attempted to enter a car of the defendant, proceeding along the Bowery; that he had warned the gripman of his wish to board the car, and the gripman had brought the car to a stop at or near the crosswalk; that, as the car stood still, the plaintiff's intestate attempted to board it, and, just as he had his hand upon the railing and was putting one foot upon the step, the car suddenly started so that he was thrown to the ground and received the injuries which caused his death.

The facts, by reason of which the plaintiff claims to recover, were testified to by one witness only. Several witnesses, apparently disinterested, who were upon the car, had observed the transaction and gave their version of it, which contradicted seriously that of the plaintiff's witness. It is claimed by the defendant, as a ground for reversing this judgment, that the preponderance of evidence is largely in favor of the defendant's version of the transaction, and for that reason there should be a new trial. But it is unnecessary to pass upon that claim, because, in our judgment, there was so serious an error committed by the learned trial judge that a reversal of this judgment is necessary. It will be noticed, from the statement of facts made above, that the fact which lies at the foundation of the plaintiff's claim that the defendant was guilty of negligence, is that the car was stopped to enable the plaintiff's intestate to get upon it. If that did not take place so that the defendant tacitly invited the intestate to board the car, there could be no negligence imputed to the defendant, because the car continued in motion after the plaintiff's intestate attempted to get upon it. When one seeks to become a passenger on a railway car, he has the right to insist that the car shall come to a stop to enable him to do so; but, if the car does not come to a stop, the railway company is not at fault if he attempts to board the car while it is in motion, unless it shall appear that, its speed having diminished so much as to constitute a tacit invitation to him to become a passenger, is accelerated sud-

denly, without notice, while he is in the act of getting on the car in pursuance of the tacit invitation.

No such state of facts as that is alleged here. The plaintiff's claim is that the car had come to a stop, and the negligence asserted is that the car was started in the ordinary way, after it had come to a stop, before the plaintiff's intestate, who was an old man, was able to get upon it. If, therefore, the plaintiff did not establish that the car had been brought to a stop, the jury could not infer a tacit invitation given by the defendant to the plaintiff's intestate to board it, and, therefore, they could not infer a negligent act in starting the car while he was attempting to accept the invitation. The fact of a stoppage of the car thus was essential to the plaintiff's case. The learned trial justice, in his charge, gave to the jury no specific instruction as to the precise nature of the negligence which was charged against the defendant, nor was there anything in the charge itself from which the jury could infer that the question whether the car was brought to a stop was material to be considered by them. When the charge was finished, therefore, this fact not having been called to their attention, there was nothing to inform them that it was material for them to consider. By way of supplying that defect in the charge, the defendant's counsel requested the court to say to the jury that, if they believed that the car did not come to a complete stop, their verdict should be for the defendant. This request itself was not very definite as to the time and place when the stop should have been made. It was conceded that after the accident had happened the car was brought to a complete stop, but it is quite clear that this stop could not have been the one referred to by the defendant's counsel; and it is fairly to be inferred from that request and from the subsequent request, which was also refused, that the defendant's counsel was attempting to attract the attention of the court to the operation of the car just before the plaintiff's intestate attempted to get upon it. The defendant was entitled to have that question submitted to the jury and to have the absence or the presence of the fact of the stoppage of the car plainly suggested to the jury in the charge. We think that the request made was sufficiently accurate in form to inform the court as to the point which was sought to be presented, which was, as we have seen, a material point in the case and one to which the attention of the jury should have been par-

ticularly attracted. The failure to do this upon ·the request of the defendant's counsel operated to the harm of the defendant, and the judge erred in refusing to charge the jury substantially as requested. For this error, without considering the serious question presented as to the preponderance of evidence against this verdict, we are of the opinion that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event of the action.

INGRAHAM and O'BRIEN, JJ., concurred; PATTERSON, J., dissented.

Judgment reversed, new trial ordered, costs to appellant to abide event.