(30 Misc. Rep. 417.)

### KUHLMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    February 8, 1900.)

CARRIERS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

In an action for an injury sustained while alighting from one of defendant's cars, plaintiff alleged, and his testimony showed, that the car had come to a stop, and that he had one foot on the ground, when the car suddenly started, and he was thrown to the ground. Defendant's witnesses testified that the car was slowing up, on a signal by the conductor, and that while it was in motion the plaintiff, in attempting to get off, fell and was injured. Held, that the court should have instructed the jury that, if defendant's car was in motion when plaintiff attempted to get off, their verdict must be for defendant.

Appeal from city court of New York, general term.

Action by Karl Kuhlman against the Metropolitan Street-Railway Company to recover damages for a personal injury. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Otto Kempner, for respondent.

FREEDMAN, P. J. This action was brought to recover for personal injuries sustained by the plaintiff while alighting from one of the defendant's cars. The plaintiff's complaint alleged, and the testimony on his part showed, that the car had come to a stop; that he had one foot upon the ground, and one foot upon the step; and that the car suddenly started with full force, and he was thrown to the ground, receiving the injuries complained of. The testimony of the defendant's witnesses as to the occurrence was directly opposed to that of the plaintiff. The defendant's witnesses testified that the car had not stopped, but was slowing up, in response to a signal by the conductor, and while so doing, and while the car was still under motion, the plaintiff, in attempting to get off the car, fell and was injured. The defendant asks for a reversal of the judgment, and bases its request upon alleged error of the trial judge in refusing to charge the jury in accordance with the following request:

"Defendant's Counsel: I ask your honor to charge that, if the jury believes that the defendant's car was in motion at the time the plaintiff attempted to get off, the verdict must be for the defendant. The Court: I decline so to charge. I charge that it is for the jury to say whether or not the plaintiff was negligent in attempting to get off the car while it was in motion."

To this refusal the defendant duly excepted.

While, as a general proposition, it may be said that an attempt to get off from a moving car is not negligence per se, under the facts and circumstances of this case, as disclosed by the evidence, and under the allegations of the complaint, the defendant had a right to have the foregoing request granted; and the refusal of the trial judge to charge as requested was error. Patterson v. Railway Co., 26 App. Div. 336, 49 N. Y. Supp. 796. The judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurring. LEVENTRITT, J., taking no part.