Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Albert Reitman against Morris Neulander on a note. From a judgment in favor of defendant, plaintiff appeals. Affirmed as modified.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Jacob Rieger, for appellant.

Henry L. Franklin, for respondent.

PER CURIAM. The plaintiff offered no evidence of a demand upon the maker. The only paper offered in evidence, according to the return, was the note. The evidence upon a former trial and the exhibits used at that trial are in the return, but to no purpose. The evidence did not warrant a judgment upon the merits. There was simply a failure of proof.

The judgment is therefore modified so that the action is dismissed without prejudice to a new action, and as modified is affirmed, without costs.

---

(31 Misc. Rep. 471.)

CUNNINGHAM v. DRY-DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term.    May 1, 1900.)

CARRIERS—PERSONAL INJURIES—NEGLIGENCE—STARTING CAR—CONTRADICTORY
    EVIDENCE—CHARGE—APPEAL AND ERROR.
    Where the complaint alleged, and plaintiff's evidence tended to show, personal injuries by reason of defendant's negligence in suddenly starting its car which had been stopped to permit plaintiff to alight, and defendant's evidence tended to show plaintiff's injuries were received in attempting to get off the car while still in motion, it was error to refuse a charge that if plaintiff stepped off the car while the same was in motion the verdict should be for defendant.

Appeal from city court of New York, general term.

Action by Catherine Cunningham against the Dry-Dock, East Broadway & Battery Railroad Company to recover for personal injuries. From a judgment of the general term of the city court (60 N. Y. Supp. 990), affirming a judgment of the city court in favor of the plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Hoadley, Lauterbach & Johnson, for appellant.

A. & C. Steckler, for respondent.

PER CURIAM. The plaintiff alleged in her complaint, and on the trial offered evidence tending to show, that, as she was about to alight from one of the defendant's cars, which had been stopped for the purpose of permitting the plaintiff to alight therefrom, said car was suddenly started again through the negligence of the defendant, and plaintiff was thrown to the ground, and received injuries. The testimony on the part of the defendant tended to show that the plaintiff received her injuries while attempting to get off the car while it was still in motion; that is to say, the defendant's testimony contradicted that of the plaintiff. Under these circumstances, it was error

for the court to refuse to charge that, if the plaintiff stepped off the car while the same was in motion, the verdict of the jury should be for the defendant. Patterson v. Railway Co., 26 App. Div. 336, 49 N. Y. Supp. 796; Kuhlman v. Railroad Co., 30 Misc. Rep. 417, 62 N. Y. Supp. 466. Also see Savage v. Railroad Co., 29 App. Div. 556, 51 N. Y. Supp. 1066; Kelly v. Same, 25 App. Div. 603, 50 N. Y. Supp. 426; and Anderson v. Same, 36 App. Div. 309, 55 N. Y. Supp. 290.

The judgment and order appealed from are reversed, with costs, and a new trial ordered, with costs to appellant to abide the event.