the dismissal of the complaint when there was some evidence to be submitted to the jury. In view, however, of the animadversions in the brief for the plaintiff (appellant), it is proper to remark that it was the duty of her attorney and counsel not only to acquaint himself with the facts necessary to support the infant's cause of action, but also to see to it that that evidence would and could be presented. If, as he apparently well knew, the witnesses could not speak the vernacular of the court, it was his duty to secure the presence of an interpreter, not only linguistically competent, but also qualified to interpret the statements of the witnesses in a manner to command the confidence of the jurors and of the court. That the person proffered as interpreter is friendly to the parties, and even that he is friendly to one of the parties, is not cause of his exclusion, but goes to the credibility of his interpretation. People v. Ramirez, 56 Cal. 533, 38 Am. Rep. 73. The function of an interpreter is much like the function of an expert, and, like any other expert, the interpreter's qualification must be shown either by his own oath or by the oath of some one else. If not a sworn officer of the court, he must be sworn in each case, and his qualifications duly established. Proffering several persons to the court and jury as interpreters, the counsel for the plaintiff was not at the pains to have it appear, other than by his own unverified statements, that the person so proffered was either competent, qualified, or fit. One person was accepted by the defendant's counsel, and served for a part of the day, but did not appear on the following day to complete the cross-examination. After irritating disappointment and delays, the justice struck out the evidence of the witness, whose cross-examination could not be completed, and dismissed the case. For this course there was much excuse, if not justification. Inasmuch, however, as there was some evidence which might have been submitted to the jury, it is a hardship to allow the case of an infant plaintiff to fail because of the lack of preparation or skill of the attorney to whom its guardian has confided the case.

. The judgment should be reversed, and a new trial ordered, without costs.

---

(91 App. Div. 374.)

## CLINTON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CARRIERS — PASSENGERS—STREET RAILWAYS— CONTRIBUTORY NEGLIGENCE— BOARDING MOVING CARS.

Whether plaintiff, who was injured while attempting to board one of defendant's trolley cars while it was in motion, but had slackened in speed for him to get on, was guilty of contributory negligence, was a question for the jury.

2. SAME—ACTIONS—VERDICT—PRESUMPTION.

In an action for injuries to a passenger attempting to board a trolley car the verdict must be deemed to have been based on a finding which included the hypothesis suggested by the court in its charge which would sustain the claim of negligence.

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1369.

**3. SAME—INSTRUCTIONS.**

   In an action for injuries to one attempting to board a moving street car, a charge that, if the car slowed down to permit plaintiff to get on, it was for the jury to say whether the motorman saw him, and slowed down in response to his signal, and then started without giving him a reasonable time to get safely on the car, and that, if the motorman saw plaintiff getting on, but nevertheless started off, it would be negligence, but if the motorman did not see him getting on, and did not see his signal, and had no reason to apprehend that he was going to get on, although he had slowed down and started off again, that would not be negligence, was sufficiently favorable to defendant.

Appeal from Kings County Court.

Action by William Clinton against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

I. R. Oeland, for appellant.

Edward J. McCrossin, for respondent.

HIRSCHBERG, P. J.   The plaintiff was injured while attempting to board one of the defendant's trolley cars on Sterling Place, in the borough of Brooklyn, in the middle of the block between Classon and Washington avenues. The block is a long one, but at about the point where the plaintiff signaled the motorman to stop the car there is a station where the cars are accustomed to stop for the purpose of receiving passengers. The accident occurred at 20 minutes to 7 o'clock on the morning of October 1st. The plaintiff testified that he gave the motorman the signal when the car was about 25 feet distant; that the speed of the car was slackened so that it was going as slow as a walk, and so that he could step on, but that just as he stepped or attempted to step on the car at the rear platform the motorman applied the power with full force, causing the car to go ahead suddenly and swiftly, thereby causing his injuries. His version of the occurrence was corroborated in its essential features by the testimony of apparently disinterested witnesses. The motorman testified that he saw the signal, but that his car was behind time; that he called to the plaintiff, "Next car behind; take your time!" and that he did not stop the car until he received a bell from the conductor. Whether or not he slowed up the car or slackened its speed before he got the bell he did not state. No claim is made that the plaintiff was chargeable with contributory negligence, the points relied on by the appellant relating only to the question of the defendant's negligence and to certain refusals of the trial judge to charge as requested upon that question. The question of the plaintiff's contributory negligence was one of fact, and was fairly submitted to the jury. It is well settled that it is not ordinarily negligence, as matter of law, for a person to get upon a street car while it is in motion. Eppendorf v. B. C. & N. R. R. Co., 69 N. Y. 195, 25 Am. Rep. 171; Moylan v. The Second Avenue Railroad Company, 128 N. Y. 583, 584, 27 N. E. 977; Morrison v. B. & S. A. R. R. Co., 130 N. Y. 166, 29 N. E. 105; Distler v. Long Island R. R. Co., 151 N. Y. 424, 45 N. E. 937, 35 L. R. A. 762;

Savage v. Third Avenue R. R. Co., 29 App. Div. 556, 51 N. Y. Supp. 1066; Wallace v. Third Avenue R. R. Co., 36 App. Div. 57, 55 N. Y. Supp. 132; Sexton v. Metropolitan Street R. Co., 40 App. Div. 26, 57 N. Y. Supp. 577; Kimber v. Metropolitan Street R. Co., 69 App. Div. 353, 74 N. Y. Supp. 966; Lobsenz v. Metropolitan Street R. Co., 72 App. Div. 181, 76 N. Y. Supp. 411. The appellant insists, however, that the case presented no evidence of negligence on the part of the defendant, and relies in support of the proposition on the case of Monroe v. Metropolitan Street R. Co., 79 App. Div. 587, 80 N. Y. Supp. 177. I cannot see why the decision in that case should control the disposition of this one. There the passenger attempted to board the car in the middle of it, and before the rear of the car had reached the place where he was standing. It was held that no negligence could be imputed to the motorman merely because he accelerated the speed of the car before it actually stopped, unless he saw that the intending passenger was at that time attempting to board it. The trial court submitted that case to the jury upon the theory that they might find, under the circumstances stated, that the conductor was negligent. The Appellate Court said (page 589, 79 App. Div., and page 179, 80 N. Y. Supp.): "But, assuming that there was a question for the jury as to the negligence of the motorman, there was certainly no evidence to justify a finding that the conductor was negligent." What the court said in that case to the effect that the motorman (page 590, 79 App. Div., and page 179, 80 N. Y. Supp.) "could not assume that the plaintiff would attempt to board the car until it had actually stopped" must be applied to the facts as therein presented. In this case the charge on the subject of the defendant's negligence was certainly as favorable to the defendant as the facts warranted, and the verdict must be deemed to have been based on a finding which included the hypothesis suggested by the court which would sustain the claim of negligence. The trial judge charged the jury on that subject as follows:

"The plaintiff says that the negligence was that the car slowed down. He claims that it did, but it is for you to say whether the evidence bears that out. The plaintiff says that it slowed down almost to a stop, and then started off, and threw him when he was getting on. If that be the fact, it is for you to say whether or not the motorman saw him, and slowed down in response to his signal, and then started off without giving him a reasonable time to get safely on the car. If he did see that the plaintiff was getting on, and he started off under these circumstances, that would be negligence. If the motorman did not see him getting on, and did not see his signal, and had no reason to apprehend that he was going to get on, although he had slowed down and started off again, that would not be negligence, and you cannot find for the plaintiff."

The defendant's counsel thereafter asked the court to charge that, "even if the motorman saw this plaintiff signal, and in response thereto slowed his car, unless the motorman actually saw the plaintiff in the act of boarding the car it was not negligence for him to increase the speed of the car before the rear of the car had passed the plaintiff." The court refused to charge this except as already charged, viz., in effect that, if the motorman had reason to believe that the plaintiff was getting on the car, it would be equivalent to seeing him,

and would equally enjoin the exercise of care in refraining at that time from suddenly starting the car into violent motion.

No other point raised seems to require discussion. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.