NATHAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  December 7, 1904.)

1. STREET RAILROADS—INJURIES TO PASSENGERS—TIME TO BOARD CAR—NEGLI-
    GENCE.
        Where a street car slowed down as it approached plaintiff, in response
    to a signal, and plaintiff attempted to step on the rail platform while the
    car was in motion, and was thrown down and injured by a sudden ac-
    celeration of speed, plaintiff was not entitled to recover in the absence
    of proof that the motorman had actual notice that plaintiff was in the
    act of boarding the car, or that the place where he attempted to board it
    was a usual stopping place.

Appeal from Municipal Court, Borough of Manhattan, Ninth
District.

Action by Adolph Nathan against the New York City Railway
Company.  From a Municipal Court judgment in favor of de-
fendant, plaintiff appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-
DERSLEEVE, JJ.

Grauer & Rathkopf, for appellant.
Henry W. Goddard and Wm. E. Weaver, for respondent.

BISCHOFF, J.  The plaintiff attempted to board a south-bound
car on Madison avenue, at Seventy-Ninth street, standing, as it
approached, 10 feet north of the northerly cross-walk, from which
point he signaled the motorman to stop.  The car slowed as it
approached him, and he attempted to step upon the rear platform
while the car was thus in motion; but its speed was then suddenly
accelerated, with the result that he was thrown.

The dismissal of the complaint for failure of proof of the de-
fendant's negligence is supported by the authority upon which the
justice based his ruling.  Monroe v. Met. St. Ry. Co., 79 App. Div.
587, 80 N. Y. Supp. 177.  In that case it was held that the motor-
man was not chargeable with neglect of reasonable care in in-
creasing the car's speed as it passed the intending passenger, and
before it actually stopped, although slowing at his signal when it
approached him, unless actual notice that the passenger was in
the act of boarding the moving car were shown to have been re-
ceived.  Possibly the case might be distinguished, if the plaintiff
had attempted to board the moving car as the rear platform came
opposite to him, with the speed lessened at his signal, at a usual
place of stoppage, as in Clinton v. R. Co., 91 App. Div. 374, 86 N.
Y. Supp. 932; but there was no proof of any custom or of a city
ordinance which made a point 10 feet north of a northerly cross-
walk the proper place for boarding a south-bound car.

Judgment affirmed, with costs.  All concur.

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1161.