EMMA A. DAMBMANN, Respondent, *v.* METROPOLITAN STREET
RAILWAY COMPANY, Appellant.

NEGLIGENCE — WHEN ERROR IN REFUSAL TO CHARGE IS NOT CURED.
Where the only act of negligence alleged in a complaint is that the plain-
tiff was injured by the sudden and violent starting of a car after it had
been stopped in response to her request, and while she was attempting
to alight therefrom, the refusal of the trial court, in a case where there is
conflicting evidence, to charge that she could not recover unless she satis-
fied the jury by testimony of greater weight than that offered by the
defendant that the accident happened by reason of the sudden starting of
the car after it had come to a full stop in response to a signal or request
given by her to the conductor, is an error, and although the court had
charged as to the weight of evidence, necessary, the error is not cured by
an instruction that there was no alleged negligence of the defendant upon
which a recovery could be based except the sudden starting of the car
after it came to a full stop, where the court immediately thereafter again
refused to charge the first request, except as it had theretofore charged,
and a judgment in favor of the plaintiff should be reversed.    .    .

*Dambmann* v. *Interurban St. Ry. Co.*, 91 App. Div. 612, reversed.

(Argued January 26, 1905; decided February 3, 1905.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Febru-
ary 11, 1904, affirming a judgment in favor of plaintiff entered
upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Charles F. Brown, Bayard H. Ames* and *Henry A.
Robinson* for appellant. The trial court erred in refusing to
charge defendant's request. (*Armstrong* v. *M. S. Ry. Co.*,
36 App. Div. 527; 155 N. Y. 41; *Savage* v. *T. A. R. R. Co.*,
20 App. Div. 556; *Patterson* v. *W. E. R. R. Co.*, 26 App.
Div. 336; *Anderson* v. *T. A. R. R. Co.*, 36 App. Div. 310;
*Kelly* v. *T. A. R. R. Co.*, 25 App. Div. 604; *Coleman* v.
*M. St. Ry. Co.*, 82 App. Div. 435; *Kleiner* v. *T. A. R. R.
Co.*, 162 N. Y. 193; *Lyons* v. *Avis*, 5 App. Div. 196; *Meeker*
v. *Smith*, 84 App. Div. 114; *Davidson* v. *M. S. Ry. Co.*, 75
App. Div. 426.)

*Theodore Sutro* for respondent.   The trial court did not err in refusing to charge certain of appellant's requests. (*Walker* v. *People,* 88 N. Y. 81; *People* v. *Tobin,* 176 N. Y. 278; *Fay* v. *O'Neill,* 36 N. Y. 11; *Ruloff* v. *People,* 45 N. Y. 213; *Morehouse* v. *Yeager,* 71 N. Y. 594; *Schwinger* v. *Raymond,* 105 N. Y. 648; *Chapman* v. *E. Ry. Co.,* 55 N. Y. 579; *McGrath* v. *M. L. Ins. Co.,* 6 N. Y. S. R. 376; *Morrissey* v. *W. E. R. Co.,* 18 App. Div. 67; *Kellegher* v. *F. S. S. R. R. Co.,* 171 N. Y. 309; *Slatterly* v. *People,* 58 N. Y. 354.)

HAIGHT, J.   The action was brought to recover damages for a personal injury.   The complaint alleged that the plaintiff was a passenger upon one of the defendant's cars; that she had asked the conductor to stop the same for the purpose of allowing her to alight and that thereupon the car stopped and she left her seat and attempted to alight therefrom, "but that, through the negligence and carelessness of the conductor or motorman, or both, said car was suddenly and violently started while the plaintiff was in the act of alighting therefrom; that in consequence of the aforesaid negligence, and without fault or negligence on the part of the plaintiff, she was violently thrown down into the street" and received the injuries for which this action was brought.   This allegation is the only act of negligence alleged in the complaint.

Upon the trial it appeared that on the 24th day of November, 1899, a little before half-past six o'clock in the evening, the plaintiff attempted to alight from one of the defendant's cars on Vanderbilt avenue, between 42d and 43d streets, in the city of New York; that in so attempting to alight she fell upon the pavement and received the injuries complained of.   She was a woman twenty-five years of age at the time, was a singer by profession and was on her way to Yonkers to attend a choir rehearsal.   It was her intention to enter a drug store on the northwest corner of 42d street and Vanderbilt avenue and get some troches and then to take the New York Central train at half-past six o'clock for the place of her des-

tination.  Her testimony was to the effect that she asked the conductor to stop the car after it had turned the corner from 42d street into Vanderbilt avenue and that in consequence of such request the car was stopped a short distance north of 42d street and that several persons alighted therefrom; that she attempted to alight, but just as she was stepping to the ground the car started suddenly, throwing her violently upon the street.  The testimony of Dr. Walton, her attending physician, who was sworn in her behalf, was to the effect that he was standing upon the rear platform of the car and that she was hit by the "hind rail of the car" as it passed her and was thrown to the pavement, and that he could not say whether her feet were on or off the car at the time when it started.  On behalf of the defendant there was testimony given by three witnesses who, in substance, stated that she attempted to alight from the car before it had come to a stand, by taking hold of the rear rail and stepping off, and in doing so was thrown to the pavement.

The trial court, in submitting the case to the jury, gave general instructions to the effect that the plaintiff must prove to their minds "by a fair preponderance of evidence that this fall was caused by the negligent act of this defendant corporation." He did not, however, instruct the jury as to the particular act of negligence alleged in the complaint, upon which the plaintiff relied for a recovery of damages.  At the conclusion of the charge the defendant's counsel requested the court to instruct the jury that "the plaintiff cannot recover unless she satisfies you by testimony of greater weight than that offered by the defendant that the accident happened by reason of the sudden starting of the car after it had come to a full stop in response to a signal or request given by her to the conductor." This the court refused to charge, except as it had heretofore charged.

The court, as we have seen, had charged as to the weight of the evidence necessary, but had neglected to charge the latter clause embraced in the request as to the sudden starting of the car after it had come to a full stop.  Inasmuch as this

was the specific act of negligence alleged in the complaint the request was proper and should have been charged. It was important, in view of the conflicting evidence in the case, and especially in view of the testimony of the plaintiff's witness, Walton, who, in substance, had testified that she was hit by the back rail of the car. The refusal to charge as requested was, therefore, an error which calls for a reversal of the judgment unless it was subsequently cured. After passing upon a number of other requests to charge the defendant asked the court to charge " that there is no alleged negligence of the defendant upon which a recovery can be based in this case except the sudden starting of the car after it came to a full stop." This the court refused to charge, and an exception was taken, but subsequently the trial judge asked to see the complaint, and after looking at that instrument the court withdrew the refusal to charge the last request and charged it as requested. Thereupon the defendant's counsel asked the court to change his refusal to charge the first request, but the court refused to charge it, except as already charged. To this the defendant's counsel took another exception.

We think, in view of the general language used by the court in its main charge, the defendant had the right to have the jury plainly instructed as to the acts of negligence upon which a recovery could be had ; that the conflicting rulings of the court served to confuse the jurors as to the true rule of law which was to govern them in determining the questions of fact involved, and that the error in refusing to charge the first request was not cured by that which subsequently occurred in the concluding request, to which attention has been called.

There were a number of exceptions taken to the admission of evidence, which we do not deem it necessary to here consider. The error pointed out requires a new trial, and upon such trial questions with reference to evidence may be eliminated.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Bartlett, J. (dissenting). The evidence in this case is conflicting, and the jury rendered a verdict for the plaintiff.

This reversal is placed on an alleged error in the charge, which in my opinion was fully cured at the close thereof, and that the jury could not possibly have been misled.

At the close of the main charge the counsel for the defendant submitted the following request:

"*First*, the plaintiff cannot recover unless she satisfies you by testimony of greater weight than that offered by the defendant that the accident happened by reason of a sudden starting of the car after it had come to a full stop in response to a signal or request given by her to the conductor." The trial judge refused so to charge.

A long colloquy then followed between the court and counsel for both parties and many requests to charge were submitted and ruled upon.

The counsel for the defendant then said: "Then there is just one that I want your Honor to charge, namely, that there is no alleged negligence of the defendant upon which a recovery can be based in this case except the sudden starting of the car after it came to a full stop." The court refused to charge this, and then said: "Let me see the complaint in regard to that last request." After inspecting the complaint the court said: "I will withdraw that refusal to charge, and I will charge as requested. That is the allegation of the complaint, and the plaintiff must sustain that allegation. I so charge."

The defendant's counsel then asked the court to charge the first request in the terms in which it was asked, and the trial judge replied, "No; except as already charged I refuse to charge it."

It was doubtless error for the trial judge at the outset to refuse to charge the first request, but the charge ultimately made, after inspecting the complaint, covered substantially the same ground and corrected the original error.

It seems to me as plain as language can make it that the

original error was fully cured, and the jury about to retire must have understood the very narrow issue of fact which was submitted for their determination.

This plaintiff sustained most serious and permanent injuries, which wrecked her life as a singer and artist. The verdict is not excessive when the surrounding circumstances are considered. The case has been pending for a long time, and I regard the reversal of this judgment as unwarranted.

CULLEN, Ch. J., O'BRIEN, VANN and WERNER, JJ., concur with HAIGHT, J.; BARTLETT, J., reads dissenting memorandum; GRAY, J., not sitting.

Judgment reversed, etc.