EDELMAN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. October 27, 1905.)

CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—VARIANCE.

Where the complaint alleged injury to plaintiff from negligence in starting a street car while plaintiff was attempting to alight from it, after it had come to a full stop to permit him to alight, and defendant's evidence was that plaintiff was injured in attempting to alight while the car was still in motion, it was error to refuse a charge to find for defendant, if the jury found the car was still moving, however slowly, when plaintiff attempted to alight.

Appeal from City Court of New York.

Action by Philip Edelman against the Interurban Street Railway Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Joseph Rosenweig, for respondent.

BISCHOFF, J. The plaintiff's case being founded upon negligence in the starting of the car while he was attempting to alight, after it had come to a stop for the purpose, and evidence having been given for the defendant to the effect that the plaintiff was injured through an attempt

to leave the car while still in motion, it was error for the court to refuse to charge, when requested, "that if they [the jury] find that the car was moving, however slowly, at the time the plaintiff attempted to alight therefrom, their verdict must be for the defendant." Cunningham v. Railroad Co., 31 Misc. 471, 64 N. Y. Supp. 350; Coleman v. Railroad Co., 82 App. Div. 435, 81 N. Y. Supp. 836. This proposition was not covered by the main charge (see Dambmann v. Railway Co., 180 N. Y. 384, 73 N. E. 59), and the ruling was clearly prejudicial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.