he had called at their residence, 54 Market street, and saw Mrs. Suffin there and conversed with her. Samuel Suffin, the brother of the plaintiff, testified that on the 15th day of May he was sitting at his brother's house, and that Ida Suffin talked with him over the telephone, who said to him:

"Say, Sam, tell Phillip, if he wants to get a divorce, he can get it, because I am married to Leiboff, and we are going to Canada, and goodbye forever."

He identified a photograph of Mrs. Suffin. The attorney for the plaintiff testified that he had personally served the summons and complaint upon the defendant, whom he had known personally for a number of years, and knew that she was the person mentioned in the summons and complaint. Conclusive evidence of the acts of adultery charged was given. The learned court dismissed the complaint, and filed this memorandum:

"Only evidence of the marriage is the statement of the plaintiff, who testified to a date not corresponding to a marriage contract, not submitted, but found among the papers."

The dismissal of the complaint was clearly erroneous, and the judgment should be reversed, and the case remitted to the Special Term for the entry of a proper judgment on the merits.

---

(54 Misc. 645)

## MARTIN v. FORTY–SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Term. June 6, 1907.)

TRIAL—INSTRUCTIONS—CURE OF ERROR.

In an action for injuries to plaintiff by being struck by defendant's car while crossing defendant's track, error in instructing that if, when "plaintiff started to drive across the tracks in front of the approaching car, he was justified in assuming that it was safe to do so, then it is up to the defendant to explain why the accident happened," was not cured by the court's affirmative reply to the statement of plaintiff's counsel that, if any statement was made, that the defendant should explain, the jury should disregard it.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by James H. Martin against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

William E. Weaver, for appellant.
G. Washbourne Smith, for respondent.

FITZGERALD, J. It is not disputed that erroneous instructions were given in the first instance to the jury by the court below. All that is claimed is that by some subsequent remarks this error was remedied. The language complained of is as follows:

"If, however, this accident resulted through no fault of the plaintiff, if you believe that, when he started to drive across the tracks in front of that approaching car, he was justified in assuming that it was safe to do so, then it is up to the defendant to explain why the accident happened."

Exception to these remarks was taken, and plaintiff's counsel stated that he consented to a withdrawal by the court of the statement that it is for the defendant to explain anything. The court, however, refused in positive terms to withdraw any of its charge. The only language which can at all be regarded as even appearing like a modification is as follows:

"Plaintiff's Counsel: If any statement was made that the defendant should explain, the jury should disregard it. The Court: Yes."

The attention of the jury was not clearly called to the fundamental error to the rectification of which plaintiff's counsel was endeavoring to guide the mind of the court, and the rulings were at best conflicting and confusing. Dambmann v. Met. St. Ry. Co., 180 N. Y. 384, 73 N. E. 59, 2 L. R. A. (N. S.) 309.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.