GOMEZ v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 27, 1907.)

CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE.
> Where a street car slowed down as it approached plaintiff in response to a signal, and plaintiff attempted to step on the platform, and was thrown down and injured by a sudden acceleration of speed, plaintiff was not entitled to recover, in the absence of proof that the motorman or conductor had actual notice that plaintiff was in the act of boarding the car, or that the place where he attempted to board it was a usual stopping place.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1159.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action for personal injuries by Joseph B. Gomez against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

William E. Weaver, for appellant.
Norman J. Marsh, for respondent.

GILDERSLEEVE, P. J. The facts in this case are not disputed. The plaintiff was near the middle of the block on Greenwich street,

north of Battery Park, in this city. He says he "hailed" the motorman of a north-bound car. The car slowed up and almost came to a full stop. He attempted to get on while it was, still in motion. He reached up and caught one post. Just then the car started off with a "terrific jerk"—"went with such force I could not swing around and catch the other hand." He was thrown to the ground and received injuries.

There is no testimony that the motorman was looking at or towards the plaintiff, or that he heard the plaintiff call; nor does it appear that the car increased its speed in response to any signal from the conductor; and it appears that the car was not stopped until a scream emitted by some person across the street attracted the attention of the motorman, who then stopped the car. This is an indication that neither the motorman nor the conductor had any notice of an intention on the part of the plaintiff to board the car. The slowing up of the car in the middle of the block can as well be attributed to other causes as in response to the call of the plaintiff, and the happening of the accident under such circumstances does not charge the defendant with negligence. Nathan v. Railway Co. (Sup.) 91 N. Y. Supp. 35.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.