PATTERSON v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department.    February 11, 1898.)

STREET-RAILWAY ACCIDENT—ALIGHTING FROM CARS—NEGLIGENCE.

It is error to refuse a requested charge that, if plaintiff stepped from the car while it was in motion, verdict must be for defendant, where the action is for injury received while alighting from a street car, and the complaint alleges, and plaintiff's evidence tends to show, that the car came to a standstill before she attempted to alight, and then suddenly started with a jerk, and defendant's proof is directed to this issue alone, and tends to show that the car did not stop, but that plaintiff attempted to alight while it was in motion.

Appeal from trial term.

Action by Annie Patterson against the Westchester Electric Railway Company. From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals.

Argued before GOODRICH. P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Nathan Ottinger, for appellant.

Isaac N. Mills, for respondent.

HATCH, J. The action is to recover damages for negligence. The averments of the complaint upon which the action is predicated are, in substance, that the defendant stopped its car for the plaintiff to alight therefrom, and while she was in the act of alighting the defendant carelessly and negligently caused the car to suddenly start with a jerk, without any warning to the plaintiff, and that by reason of such act she sustained the injuries of which complaint is made. The proof upon the part of the plaintiff tended to sustain the allegations of her complaint, and to show that the car had come to a standstill at the time plaintiff attempted to alight. Upon these averments, and the proof, the only issue of negligence which the defendant was called upon to meet consisted in the starting of the car after it had stopped for the purpose of permitting the plaintiff to alight therefrom. The evidence given upon the part of the defendant was directed to this issue, and that alone. Its proof tended to establish that in fact the car did not stop, but that plaintiff attempted to alight while the car was in motion, and that such injuries as she sustained were the result of such act, and were not occasioned by reason of any sudden starting of the car. In this state of the issue, the defendant requested the court to charge that, if the jury believed "that this plaintiff stepped from the car while the same was in motion, your verdict must be for the defendant." The court refused so to charge, and the defendant's counsel duly excepted. The defendant was entitled to have the charge made as requested. It bore directly upon the only issue of negligence in the case, and, if it was true that the plaintiff did step from the car while it was in motion, such act would furnish a complete answer to the case which she presented to support her cause of action. Pierce v. Railway Co., 21 App. Div. 427, 47 N. Y. Supp. 540.

The force of this position is sought to be avoided by the claim that it is not necessarily an act of negligence to alight from a moving car. It is quite true that the attendant circumstances of a given act may be such as to exonerate a person from the charge of negligence, and this rule may be applied, and has been, to persons alighting from or boarding a moving car. But such considerations have no application to the present case, for the reason that the whole claim of the plaintiff must stand, if it stand at all, upon the fact that the car was stationary when she made the attempt to alight, and was suddenly started before she could remove herself therefrom. Having selected this position, she cannot be permitted to shift to another ground, of which she has given the defendant no notice, in order to establish liability. The effect of such a change

would be to authorize a recovery upon evidence which disproves the cause of action averred in the complaint, and which is opposed to her proof. Many authorities condemn plaintiff's claim.´ Caven v. City of Troy, 15 App. Div. 163, 44 N. Y. Supp. 244; Neudecker v. Kohlberg, 81 N. Y. 296; Southwick v. Bank, 84 N. Y. 420.

For this error, the judgment should be reversed, and a new trial granted, costs to abide the event. All concur.