ANNIE PATTERSON, Respondent, *v.* THE WESTCHESTER ELECTRIC
RAILWAY COMPANY, Appellant.

*Negligence — action for personal injuries based upon the fact that the defendant sud-
denly started its car — the plaintiff cannot change her position on the trial — im-
proper refusal to charge.*

Where the only issue, in an action brought to recover damages for personal
injuries resulting to the plaintiff from the alleged negligence of the defendant,
an electric railroad corporation, is whether the defendant suddenly started its
car after having stopped it in order to permit the plaintiff to alight, the defend-
ant is entitled to have the court charge the jury that, if they believe that the
plaintiff stepped from the car while it was in motion, their verdict must be for
the defendant; as, although it is not necessarily a negligent act to alight from
a moving car, the plaintiff, having taken the position that the accident occurred
from the sudden starting of the car after it had stopped to enable her to alight,
should not be permitted, in order to establish a liability on the part of the
defendant, to shift her claim and to take another position, of which she had
given the defendant no notice.

APPEAL by the defendant, The Westchester Electric Railway
Company, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of West-
chester on the 29th day of May, 1897, upon the verdict of a jury,
and also from an order entered in said clerk's office on the 14th day
of July, 1897, denying the defendant's motion for a new trial made
upon the minutes.

*Nathan Ottinger,* for the appellant.

*Isaac N. Mills,* for the respondent.

HATCH, J.:

The action is to recover damages for negligence. The averments
of the complaint, upon which the action is predicated, are in substance
that the defendant stopped its car for the plaintiff to alight there-
from, and that, while she was in the act of alighting, the defendant
carelessly and negligently caused the car to suddenly start with a
jerk, without any warning to the plaintiff, and that by reason of
such act she sustained the injuries of which complaint is made.
The proof upon the part of the plaintiff tended to sustain the
allegations of her complaint and to show that the car had come to
a standstill at the time the plaintiff attempted to alight. Upon these

averments and the proof, the only issue of negligence which the defendant was called upon to meet consisted in the starting of the car after it had stopped for the purpose of permitting the plaintiff to alight therefrom. The evidence given upon the part of the defendant was directed to this issue, and this alone. Its proof tended to establish that in fact the car did not stop, but that the plaintiff attempted to alight while the car was in motion, and that such injuries as she sustained were the result of such act, and were not occasioned by reason of any sudden starting of the car. In this state of the issue the defendant requested the court to charge that if the jury believed " that this plaintiff stepped from the car while the same was in motion, your verdict must be for the defendant." The court refused so to charge, and the defendant's counsel duly excepted. The defendant was entitled to have the charge made as requested. It bore directly upon the only issue of negligence in the case, and if it was true that the plaintiff did step from the car while it was in motion, such act would furnish a complete answer to the case which she presented to support her cause of action. (*Pierce* v. *Met. R. Co.,* 21 App. Div. 427.) The force of this position is sought to be avoided by the claim that it is not necessarily an act of negligence to alight from a moving car. It is quite true that the attendant circumstances of a given act may be such as to exonerate a person from the charge of negligence, and this rule may be applied, and has been, to persons alighting from or boarding a moving car. But such considerations have no application to the present case, for the reason that the whole claim of the plaintiff must stand, if it stand at all, upon the fact that the car was stationary when she made the attempt to alight, and was suddenly started before she could remove herself therefrom. Having selected this position she cannot be permitted to shift to another ground, of which she has given the defendant no notice, in order to establish liability. The effect of such a change would be to authorize a recovery upon evidence which disproves the cause of action averred in the complaint, and which is opposed to her proof. Many authorities condemn the plaintiff's claim. (*Caven* v. *City of Troy,* 15 App. Div. 163 ; *Neudecker* v. *Kohlberg,* 81 N. Y. 296 ; *Southwick* v. *First Nat. Bank,* 84 id. 420.)

For this error the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.