ANDERSON v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department.   January 10, 1899.)

STREET RAILROADS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.
    Under a complaint alleging that plaintiff was injured while attempting
    to board a car which had stopped to receive him, and was suddenly started,
    it was error, where the evidence as to whether the car had stopped or not
    was conflicting, to refuse an instruction that if the car did not stop, but,
    while moving, plaintiff attempted to board it, and was injured, the verdict
    must be for defendant.

Appeal from trial term, Queens county.

Action by Oscar Anderson against the Third Avenue Railroad Company for personal injuries.   Plaintiff recovered a verdict for $1,500, and from a judgment entered thereon, and also from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Eugene Treadwell, for appellant.
J. Edward Swanstrom, for respondent.

WILLARD BARTLETT, J.   The gravamen of the plaintiff's complaint in this action is that while he was trying to board one of the defendant's cars, which had stopped to receive him as a passenger, the car was suddenly started, so as to throw him down, and inflict injuries which resulted in the loss of several fingers.   The complaint expressly and distinctly alleged that the car stopped.   Upon the trial the plaintiff testified positively that it did stop, and that he walked up to get on board, and "took hold of the car after the car had stopped."   In behalf of the defendant the evidence tended to show that the car did not stop at all until after the accident, but that the plaintiff was hurt in consequence of trying to board it while it was moving.   Indeed, one of the plaintiff's own witnesses swore that the car did not come to a full stop, but that, when it slackened up, the plaintiff made a grab for the car, whereupon "the car made a kind of a jerk, and threw him off, and dragged him," until he hit an elevated post, and his left hand went under the car.   The counsel for the defendant asked the court to charge the jury that if they found the car did not stop, but that, while moving, the plaintiff attempted to board the same, and was injured while attempting so to do, their verdict must be for the defendant.   The learned trial judge refused to charge this request, save as he had already expressed himself, and the counsel for the defendant excepted.   There is nothing in the charge itself which covers the point presented by this request; and the ruling left the jury at liberty to find a verdict in favor of the plaintiff, even though they were satisfied that the car did not stop at all.   I see no escape from the conclusion that this ruling was erroneous.   If we were right in our decision in Patterson v. Railway Co., 26 App. Div. 336, 49 N. Y. Supp. 796, the only substantial difference between that case and this is that here the plaintiff alleged that a car stopped which he was endeavoring to board, while there the plaintiff alleged that a car stopped from which he was

endeavoring to alight.    There we held that it was fatal error to refuse to charge that, if the jury believed the plaintiff stepped from the car while the same was in motion, their verdict must be for the defendant. It is true here that it is not necessarily an act of negligence to attempt to board a moving car, just as it was true in the Patterson Case that it was not necessarily an act of negligence to alight from a moving car; but here, as there, I think "that the whole claim of the plaintiff must stand, if it stand at all, upon the fact that the car was stationary" when the attempt was made.

On the authority of the decision in that case (as to the correctness of which I do not mean to intimate any doubt), I am in favor of a reversal of this judgment.

Judgment and order reversed, and a new trial granted; costs to abide the event.    All concur.

CULLEN, J.    I am in favor of reversing this judgment, and am of opinion that, under the facts of this case, it was error to refuse to charge that if the plaintiff attempted to board the car while it was moving, and in such attempt was injured, the verdict should be for the defendant; but I reach this conclusion only because the testimony in the case presented two irreconcilable theories of the manner in which the accident was occasioned, and a finding that the car was moving when the plaintiff attempted to get on was fatal to the plaintiff's theory. But it must not be understood that every inaccuracy or mistake made in the testimony of a witness as to the manner in which an occurrence has transpired is fatal to the party's claim.    When the credibility of a witness is for the jury to pass upon, the jury is not limited to rejecting or accepting his testimony in whole; they may accept part and reject part.    We can well suppose a case in which the jury might find that the plaintiff was in error, or even untruthful, in a statement that the car was at rest when he started to board it or to alight from it; and yet the negligence of the company and the plaintiff's own freedom from contributory negligence might sufficiently appear from the evidence, despite the fact that the car was moving.    In such case a finding that the car was moving at the time of the accident would not defeat the plaintiff's recovery, even though he contended that in fact the car was at rest. I fear that some expressions in the opinion delivered in the case of Patterson v. Railway Co., 26 App. Div. 336, 49 N. Y. Supp. 796, unless construed strictly with reference to the precise facts of that case, may prove misleading as announcing a rule of law not invariably applicable; and I do not wish that there should be misunderstanding on the question, as there was the same irreconcilable conflict of theory in that case as in the one now before us.