OSCAR ANDERSON, Respondent *v.* THE THIRD AVENUE RAILROAD COMPANY, Appellant.

*Negligence — a complaint alleging that the plaintiff was injured while attempting to board a car which had stopped — a recovery not allowable if the car was moving.*

Where the gravamen of the complaint in an action to recover damages for personal injuries is that, while the plaintiff was attempting to board one of the defendant's cars which had stopped to receive him, the car was suddenly started so as to throw him down, and upon the trial there is a conflict of evidence as to whether the car stopped before or after the accident, it is error for the court to refuse to charge the jury that if they found that the car did not stop, and that the plaintiff was injured while attempting to board the moving car, their verdict must be for the defendant.

APPEAL by the defendant, The Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 25th day of April, 1898, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 11th day of May, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Eugene Treadwell*, for the appellant.

*J. Edward Swanstrom*, for the respondent.

WILLARD BARTLETT, J. :

The gravamen of the plaintiff's complaint in this action is that while he was trying to board one of the defendant's cars which had stopped to receive him as a passenger, the car was suddenly started so as to throw him down and inflict injuries which resulted in the loss of several fingers. The complaint expressly and distinctly alleged that the car stopped. Upon the trial the plaintiff testified positively that it did stop, and that he walked up to get on board and " took hold of the car after the car had stopped."

In behalf of the defendant the evidence tended to show that the car did not stop at all until after the accident, but that the plaintiff was hurt in consequence of trying to board it while it was moving. Indeed, one of the plaintiff's own witnesses swore that the car did not come to a full stop, but that when it slackened up the plaintiff made a grab for the car, whereupon " the car made a kind of a jerk, and threw him off and dragged him," until he hit an elevated post and his left hand went under the car. The counsel for the defendant asked the court to charge the jury that if they found the car did not stop, but that while moving the plaintiff attempted to board the same and was injured while attempting to do so, their verdict must be for the defendant. The learned trial judge refused to charge this request save as he had already expressed himself, and the counsel for the defendant excepted. There is nothing in the charge itself which covers the point presented by this request; and the ruling left the jury at liberty to find a verdict in favor of the plaintiff even though they were satisfied that the car did not stop at all.

I see no escape from the conclusion that this ruling was erroneous. If we were right in our decision in *Patterson* v. *Westchester Electric Railway Co.* (26 App. Div. 336), the only substantial difference between that case and this is that here the plaintiff alleged that a car stopped which he was endeavoring to board, while there the plaintiff alleged that a car stopped from which he was endeavoring to alight. There we held that it was fatal error to refuse to charge that if the jury believed the plaintiff stepped from the car while the same was in motion, their verdict must be for the defendant. It is true here that it is not necessarily an act of negligence to attempt to board a moving car, just as it was true in the *Patterson* case, that it was not necessarily an act of negligence to alight from a moving car; but here, as there, I think " that the whole claim of the plaintiff must stand, if it stand at all, upon the fact that the car was stationary " when the attempt was made.

On the authority of the decision in that case (as to the correctness of which I do not mean to intimate any doubt) I am in favor of a reversal of this judgment.

All concurred, except GOODRICH, P. J., who concurred in result.

CULLEN, J.:

I am in favor of reversing this judgment, and am of opinion that under the facts of this case it was error to refuse to charge that if the plaintiff attempted to board the car while it was moving, and in such attempt was injured, the verdict should be for the defendant. But I reach this conclusion only because the testimony in the case presented two irreconcilable theories of the manner in which the accident was occasioned, and a finding that the car was moving when the plaintiff attempted to get on was fatal to the plaintiff's theory. But it must not be understood that every inaccuracy or mistake made in the testimony of a witness as to the manner in which an occurrence has transpired, is fatal to the party's claim. When the credibility of a witness is for the jury to pass upon, the jury is not limited to rejecting or accepting his testimony in whole; they may accept part and reject part. We can well suppose a case in which the jury might find that the plaintiff was in error, or even untruthful, in a statement that the car was at rest when he started to board it or to alight from it, and yet the negligence of the company and

the plaintiff's own freedom from contributory negligence might sufficiently appear from the evidence, despite the fact that the car was moving. In such case a finding that the car was moving at the time of the accident would not defeat the plaintiff's recovery, even though he contended that in fact the car was at rest. I fear that some expressions in the opinion delivered in the case of *Patterson* v. *Westchester Electric Railway Co.* (26 App. Div. 336), unless construed strictly with reference to the precise facts of that case, may prove misleading as announcing a rule of law not invariably applicable; and I do not wish that there should be misunderstanding on the question, as there was the same irreconcilable conflict of theory in that case as in the one now before us.

All concurred, except Goodrich, P. J., who concurred in result.

Judgment and order reversed and new trial granted, costs to abide the event.