reasons stated, dissent from the opinion of the majority of the court. I think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

ROSENBERG v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

1. STREET RAILROADS—PASSENGERS.
    Where a street-car passenger notified the conductor where to let him off, but was carried by, through fault of the conductor, and was permitted to remain on the car till its return trip, he remained a passenger, though he paid but one fare.

2. SAME—HARMLESS ERROR—INSTRUCTIONS.
    Error in charging that one injured in alighting from a car was conceded to be a passenger was harmless, though he was a trespasser, the charge imposing only ordinary care on the company.

3. CONTINUANCE—AMENDMENT.
    Permitting amendment of a complaint averring that a car was "stopped" to permit plaintiff to alight, so as to conform it to proof that it did not stop, but was moving "very slowly," was not cause for suspension of the trial, defendant not claiming to be surprised, and being as ready to meet the amended issue as the original one.

Appeal from trial term, Kings county.

Action by Adolph Rosenberg against the Third Avenue Railroad Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Herbert R. Limburger (Henry L. Scheuerman, on the brief), for appellant.

Charles J. Patterson, for respondent.

HATCH, J. This action was brought to recover damages for injuries claimed to have been sustained by the negligent act of the defendant. The plaintiff's proof tended to establish that he boarded the car of the defendant at Grand street, corner of the Bowery, to ride to Seventy-Sixth street; that he notified the conductor of his point of destination; that the conductor did not notify him of his arrival at that point, and he continued upon the car until he was carried a long distance beyond. Upon discovering this fact, he continued upon the car for the purpose of being carried back, on its return trip, to his point of destination. On the return trip he did not pay his fare, but, as he testifies, the conductor said to him that, as he had carried him by the point where he desired to stop, he (the conductor) would pay his fare. The plaintiff remained upon the car until he reached his point of destination, and, as the car slowed down, he stepped upon the platform to alight. The conductor had given the signal for the car to stop, and as it came nearly to a stop, and before the plaintiff had alighted, he gave the signal to go ahead, the car gave a jerk, and the plaintiff was thrown to the street, sustaining the injuries of which complaint is made. The evidence upon these questions was

conflicting, but the jury were authorized to find the facts substantially as narrated. It is claimed upon the part of the defendant that the plaintiff was riding upon the car with the conductor, who was his friend, on the downtown trip; that he had not paid his fare, and knew that nobody had paid it for him; and that, in consequence, he was not to be treated as a passenger. If the plaintiff was carried by his point of destination through the fault of the conductor, and he was thereafter permitted to remain upon the car on its downtown trip until he reached his point of destination, we think he must be regarded as occupying the relation of a passenger to the defendant, even though he paid but one fare. The defendant, when it received the plaintiff as a passenger, undertook to deliver him at his point of destination upon its line, and if he relied upon the conductor of the defendant to inform him when such point was reached, and the conductor negligently omitted so to do, but carried him by, and thereafter he was permitted to remain upon the car until it again reached such point, we do not think it can be asserted that his relation as a passenger had changed. But, aside from these considerations, and whether the plaintiff was treated as a passenger or a trespasser, it is evident that the defendant owed him the duty not to unnecessarily inflict injury upon him. Day v. Railroad Co., 12 Hun, 435, affirmed on appeal, 76 N. Y. 593; Sanford v. Railroad Co., 23 N. Y. 343; Rounds v. Railroad Co., 64 N. Y. 129. The obligation which rested upon the defendant, if it took affirmative action to eject the plaintiff from the car, or in permitting him to voluntarily alight therefrom, was the exercise of ordinary care to avoid inflicting injury upon him; and this was the measure of care which the court charged the jury was the obligation of the defendant to the plaintiff. So that, if we assume that the court committed error in stating that the plaintiff was conceded to be a passenger upon the car, or if he was not in fact a passenger, yet the obligation which the defendant was under to him was the same obligation which the court in its charge clearly submitted to the jury, so that in no event was the defendant in any wise prejudiced by anything which the charge contained in this regard.

The complaint averred that the car was stopped for the purpose of permitting plaintiff to leave the same, and while he was endeavoring to alight it was suddenly started. The proof given by the plaintiff and some of his witnesses was to the effect that the car did not stop, but was moving very slowly, when it was suddenly started up. At the first opportunity, objection being made that the proof did not correspond to the averment, the plaintiff moved to amend in this respect, and was permitted to add, in place of the word "stopped," the words "the car was nearly stopped." The defendant objected to the amendment as being beyond the power of the court to make, and asked leave to withdraw a juror, and suspend the trial. The objection was overruled, and the leave was refused. It was not claimed by the defendant that it was surprised on account of the amendment, and the proof which it gave upon the trial clearly showed that it was as ready to meet the amended issue as the original one. The amendment itself was proper. No new cause of action was added, nor was there a radical change in the act of negligence as originally averred,

when the circumstances of the case are considered, and the amend- . ment was one clearly authorized to be made upon the trial. Thompson v. Hicks, 1 App. Div. 275, 37 N. Y. Supp. 340; Davis v. Railroad Co., 110 N. Y. 646, 17 N. E. 733. This case was not like that of Patterson v. Railroad Co., 26 App. Div. 336, 49 N. Y. Supp. 796, or of Anderson v. Railway Co., 36 App. Div. 309, 55 N. Y. Supp. 290. In the former of these cases the trial was had without any amendment to the complaint, and the plaintiff's claim, and her testimony in support of it, was that the car, when the injury was received, was at a standstill, and suddenly started. Other proof was to the effect that it did not stop at all. We held that these positions were entirely irreconcilable, and that the plaintiff could not support the judgment by the claim that, even though the car was slowly moving, the recovery might be upheld. The distinction was clearly pointed out in the later case. Such rule has no application in respect to the amendment in this case. It was the same act of negligence after the amendment as before. The amendment simply sought to make the pleadings conform to the proof. There was no radical departure from the proof and the pleadings, as was the case in Hoffman v. Railroad Co. (Sup.) 61 N. Y. Supp. 590. In the latter case the variance was radical, both as to the act of negligence and the place of its claimed commission, and this variance was so great as to practically present a new case. The amendment, however, which was made in the present case, has not in the slightest changed the character of the act of the defendant, and there was no variance as to place or time between the original and the amended pleading. The defendant was in no sense misled, and consequently it has no grievance. The charge, as a whole, was as fair to the defendant as it was entitled. We find no substantial error in the case. The judgment should therefore be affirmed.

Judgment and order affirmed, with costs. All concur.