### COLEMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. STREET RAILWAYS—INJURY TO PASSENGER ALIGHTING—NEGLIGENCE—PLEADING AND PROOF.

    The only negligence alleged by a complaint stating that, while plaintiff was a passenger on defendant's street car, and when it came to a complete stop, and while she was in the act of alighting from it, it was started up with great suddenness and velocity, throwing her, is in start-

ing the car without giving plaintiff an opportunity to alight after it had come to a full stop, so that, if she stepped off the car while it was in motion at all, the negligence alleged is not established.

Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Harriett Coleman against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Arthur Ofner (Charles F. Brown, on the brief), for appellant.

J. Brownson Ker, for respondent.

WOODWARD, J. The plaintiff alleged "that on the 31st day of March, 1901, the above-named plaintiff, while riding as a passenger for hire on one of the defendant's cars, and when said car came to a complete stop at the corner of 37th street and Eighth avenue, * * * and while in the act of alighting from said car, and while using all due and proper care for her own safety," the car was "started up by the defendant's agents and servants with great suddenness and velocity, throwing the plaintiff off said car," etc.

This was the issue of negligence tendered, and the testimony of the plaintiff's witnesses was directed to the establishing of these facts. The defendant introduced evidence tending to show that the car did not come to a full standstill; that it merely slowed down. There was thus, under the pleadings, a distinct question of the defendant's negligence, and the only negligence alleged was in starting the car without giving the plaintiff an opportunity to alight after the car had come to a full stop. It was necessary for the plaintiff to prove these facts to establish negligence on the part of the defendant. Therefore, when defendant's counsel requested the court to charge the jury "that, if they find that this plaintiff stepped off the platform of this car while it was in motion at all, they must find a verdict for the defendant," he was entitled to the instruction. This, not because it is negligence as a matter of law to step from a moving car under any and all circumstances, but because, if the car was moving when the plaintiff stepped from it, she had not established the negligence alleged in her complaint. While this distinction might very properly have been pointed out to the court, the fact that the defendant made a proper request, and that the court declined to grant it, giving to the jury an erroneous statement of the law of this case, entitles the defendant to a reversal of the judgment and order appealed from. This case cannot, we think, be distinguished from Patterson v. Westchester Electric Railroad Company, 26 App. Div. 336, 49 N. Y. Supp. 796, or in principle from that of Anderson v. Third Avenue Railroad Co., 36 App. Div. 309, 55 N. Y. Supp. 290. See, also, Rosenberg v. Third Avenue Railroad Company, 47 App. Div. 323, 326, 61 N. Y. Supp. 1052, where these cases are distinguished.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur, except HIRSCHBERG, J., who dissents.