that a master cannot have a liability imposed upon him because some one of his employés without authority, express or implied, assumes to direct another employé to work in a place unsafe and unfitted therefor. In that case the selection of the place to work is that of the fellow servant and not of the master, and, if negligence exists, it is the negligence of a fellow servant, and not of the master. As we have before pointed out, Penrod's duties were purely ·of a clerical character, and to hold the defendant liable because he assumed, for a purpose entirely foreign to the proper discharge of his own duties, to tell the plaintiff to go to a place not designed for the use to which he directed him to put it, without the knowledge of the defendant or its assent, express or implied, would entirely nullify the rule of law respecting fellow servants.

Upon the question of plaintiff's contributory negligence, we think it extremely doubtful whether he has borne the burden which the law imposed upon him. The moment that he opened the door of the pumphouse, the presence of steam and mist indicated to him ·a dangerous situation. For him under such circumstances to enter a room with the construction and dangers of which he was entirely unfamiliar, and when it was impossible for him owing to the steam and mist to discover those dangers and guard against them, was not the exercise of that reasonable care which the law requires. Piper v. N. Y. C. & H. R. R. R. Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560; Heaney v. Long Island R. R. Co., 112 N. Y. 122, 19 N. E. 422.

The judgment and order appealed from should be reversed and a new trial granted, costs to ·abide the event. All concur.

---

### McGRANE v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. CARRIERS (§ 315*)—PASSENGERS—INJURIES—ACTIONS—VARIANCE.

     Where the negligence alleged in the complaint in an action for injuries to a passenger was in stopping a street car and starting it while the passenger was alighting, plaintiff could not recover if the car did not stop until after she fell.

     [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. § 315.*]

2. TRIAL (§ 243*)—INSTRUCTIONS—CONFLICTING INSTRUCTION.

     In an action for negligence in stopping a street car and starting it while plaintiff was alighting, an instruction that if the motorman slackened the speed of the car, and suddenly increased it without notice to plaintiff while she was preparing to alight, the jury might find negligence, nullified a previous instruction that plaintiff could not recover if the car did not stop until after she fell.

     [Ed. Note.—For other cases, see Trial, Cent. Dig. § 565; Dec. Dig. § 243.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO ISSUES.

     In an action for injuries to a passenger by negligence alleged to consist in stopping the car and starting it while plaintiff was alighting, an instruction that if the motorman slackened the speed, but suddenly in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

creased it while plaintiff was preparing to alight, the jury might find negligence, permitted a finding of negligence in increasing the speed of the moving car, which was without the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Hirschberg, P. J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Loretta G. McGrane against the Nassau Electric Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Francis R. Stoddard, Jr., for appellant.
Benjamin T. Hock, for respondent.

JENKS, J. The defendant is the appellant in an action against it by its passenger for negligence. The court instructed the jury that, if they find "that this car did not stop until after the lady had fallen, they must find a verdict for the defendant." The defendant was entitled to this instruction for the reason that the cause of action alleged and sought to be proved was negligence in stopping the car and starting it "while the plaintiff was in the act of alighting therefrom"; i. e., the sole negligence assigned and litigated was the omission to afford to the passenger reasonable opportunity to leave the car.

As I read our own judgments, we are committed to this proposition, which, moreover, seems to me to be sound. Patterson v. Westchester Electric R. R. Co., 26 App. Div. 336, 49 N. Y. Supp. 796; Anderson v. Third Avenue R. R. Co., 36 App. Div. 309, 55 N. Y. Supp. 290; Coleman v. Metropolitan St. Railway Co., 82 App. Div. 435, 81 N. Y. Supp. 836. In Anderson's Case, supra, this court, per Willard Bartlett, J., say:

"In behalf of the defendant the evidence tended to show that the car did not stop at all until after the accident, but that the plaintiff was hurt in consequence of trying to board it while it was moving. Indeed, one of the plaintiff's own witnesses swore that the car did not come to a full stop, but that, when it slackened up. the plaintiff made a grab for the car, whereupon 'the car made a kind of a jerk, and threw him off and dragged him,' until he hit an elevated post, and his left hand went under the car. The counsel for the defendant asked the court to charge the jury that if they found the car did not stop, but that while moving the plaintiff attempted to board the same and was injured while attempting to do so, their verdict must be for the defendant. The learned trial judge refused to charge this request save as he had already expressed himself, and the counsel for the defendant excepted. There is nothing in the charge itself which covers the point presented by this request; and the ruling left the jury at liberty to find a verdict in favor of the plaintiff, even though they were satisfied that the car did not stop at all. I see no escape from the conclusion that this ruling was erroneous. If we were right in our decision in Patterson v. Westchester Electric Railway Co., 26 App. Div. 336, 49 N. Y. Supp. 796, the only substantial difference between that case and this is that here the plaintiff alleged that a car stopped which he was endeavoring to board, while there the plaintiff alleged that a car stopped from which he was endeavoring to alight. There we held that it was fatal error to refuse to charge that, if the jury believed the plaintiff stepped

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from the car while the same was in motion, their verdict must be for the defendant. It is true here that it is not necessarily an act of negligence to attempt to board a moving car, just as it was true in the Patterson Case that it was not necessarily an act of negligence to alight from a moving car; but here, as there, I think 'that the whole claim of the plaintiff must stand, if it stand at all, upon the fact that the car was stationary' when the attempt was made."

In Coleman v. Metropolitan Street R. Co., supra, this court, per Woodward, J., say:

"This was the issue of negligence tendered, and the testimony of the plaintiff's witnesses was directed to the establishing of these facts. The defendant introduced evidence tending to show that the car did not come to a full standstill; that it merely slowed down. There was thus, under the pleadings, a distinct question of the defendant's negligence, and the only negligence alleged was in starting the car without giving the plaintiff an opportunity to alight after the car had come to a full stop. It was necessary for the plaintiff to prove these facts to establish negligence on the part of the defendant. Therefore, when defendant's counsel requested the court to charge the jury 'that, if they find that this plaintiff stepped off the platform of this car while it was in motion at all, they must find a verdict for the defendant,' he was entitled to the instruction. This, not because it is negligent as a matter of law to step from a moving car under any and all circumstances, but because, if the car was moving when the plaintiff stepped from it, she had not established the negligence alleged in her complaint. While this distinction might very properly have been pointed out to the court, the fact that the defendant made a proper request, and that the court declined to grant it, giving to the jury an erroneous statement of the law of this case, entitles the defendant to a reversal of the judgment and order appealed from. This case cannot, we think, be distinguished from Patterson v. Westchester Electric R. Co., 26 App. Div. 336, 49 N. Y. Supp. 796; or in principle from that of Anderson v. Third Avenue R. R. Co., 36 App. Div. 309, 55 N. Y. Supp. 290. See, also, Rosenberg v. Third Avenue R. R. Co., 47 App. Div. 323, 326, 61 N. Y. Supp. 1052, where these cases are distinguished."

See, too, Savage v. Third Avenue R. R. Co., 29 App. Div. 556, 51 N. Y. Supp. 1066, decided by the First department. But the court immediately upon request of the plaintiff charged under exception as follows:

"If the jury find that, in obedience to the signal of the conductor, the motorman had slackened the speed of the car preparatory to stopping it, and that while the plaintiff was preparing to get off the speed of the car, without notice to the plaintiff, was greatly increased, and that by reason thereof she was thrown to the street and injured, they might find that the defendant had not done its full duty to the plaintiff."

This instruction nullified or destroyed the previous instruction which I have just noted. It also permitted the jury to find negligence in the increased speed of the moving car, which was not within the issue and which was opposed to the theory of the plaintiff.

For these reasons, I think the judgment must be reversed and a new trial ordered.

Judgment of the municipal court reversed and new trial ordered, costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.