## ROLAND v. INTERNATIONAL RY. CO.

### (Supreme Court, Trial Term, Erie County. April, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREET—VIOLATION OF ORDINANCE—EVIDENCE.

The violation of an ordinance regulating travel on streets is not ordinarily necessarily negligence, but evidence from which negligence may be found as a matter of fact.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. STREET RAILROADS (§ 117*)—COLLISIONS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Where, in an action for injuries in a collision with a street car at the junction of two streets, the evidence showed that the rules of the street railway company required motormen to stop their cars before reaching the intersecting street, and that the car in question violated such rule, and that a traveler undertook to cut a short corner in violation of an ordinance, and that while so doing the collision occurred, the question of contributory negligence was for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

3. STREET RAILROADS (§ 111*)—COLLISIONS—ACTIONS—ISSUES, PROOF, AND VARIANCE.

Where, in an action for injuries in a collision with a street car near the junction of two streets, the issues were whether the plaintiff was guilty of contributory negligence and the street railway company guilty of negligence, the question whether the collision occurred just west or just east of the center line of the intersecting street did not change the issues and did not amount to a variance.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 225, 226; Dec. Dig. § 111.*]

Action by William Roland against the International Railway Company. On motion for new trial after verdict for plaintiff. Denied.

Dana L. Spring, for the motion.

Carlton H. White, opposed.

WHEELER, J. This action was brought for personal injuries to the plaintiff, and for damages to his coach and horses, caused by a collision between his carriage and a street car operated by the defendant. The collision occurred near the junction of Exchange and Ellicott streets, in the city of Buffalo. At this point, Ellicott street runs into Exchange street at right angles, but does not cross Exchange. The defendant has double street car tracks in Exchange street.

The evidence on the part of the plaintiff is to the effect that he was driving down Ellicott street on the right-hand side of the street, and passed into Exchange street west of the center of Ellicott street extended, intending to turn to the east and go to the station of the New York Central Railroad; that a street car of the defendant was moving westerly along Exchange street, and, instead of stopping at Ellicott street, continued partially across Ellicott street, and struck the coach, on which he was riding, midway between the front and hind wheels of the carriage, with such force as to break the coach, separate the horses

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from the carriage, and throw the plaintiff from his seat on the box, more or less severely injuring him and his horses.

The evidence showed that there was a stop sign over the defendant's track just east of the junction of Ellicott street and Exchange street, and that the rules and practice of the company required motormen to stop their cars at this point before attempting to cross Ellicott street.

The defendant gave evidence tending to show that it had been raining, and owing to the slippery rails, the motorman was unable to stop his car before reaching Ellicott street; that the car ran beyond the easterly crosswalk over Exchange street, but that he did stop the car before reaching the center line of Ellicott street extended; and that the plaintiff, instead of keeping to the westerly of the center line, attempted to cut a short corner, and the collision occurred easterly of this center line.

If the plaintiff did undertake to cut a short corner, he violated an ordinance of the city of Buffalo, which was put in evidence and is as follows:

"All persons riding or driving vehicles of any kind upon the roadways of the city, shall keep to the right and as near to the curb as practicable, and shall pass vehicles on the left of the vehicle passed. In turning corners to the left they shall pass the center of the street intersection upon their own left, and in turning corners to the right shall turn as near the curb as is practicable."

These questions of fact were submitted to the jury to determine upon the conflicting evidence in the case, with the usual instructions that it was for the jury to determine upon all the evidence in the case whether the defendant was guilty of negligence and the plaintiff free from contributory negligence, with the result that the jury found a verdict in favor of the plaintiff.

The counsel for the defendant requested the court to charge:

"That if the violation by the plaintiff of the city ordinances was the cause of the collision, he cannot recover."

And again:

"That if the collision would not have occurred except for a violation by plaintiff of the city ordinances, the verdict must be for the defendant."

The court declined to charge these two propositions as matter of law, but did charge the jury that the violation of an ordinance was evidence upon which they might find the plaintiff guilty of negligence as a fact, and that it was for the jury to find from all the evidence in the case whether, in fact, the plaintiff was guilty of contributory negligence, in which case there could be no recovery. In other words, the court declined to charge that a violation of a city ordinance was negligence *as matter of law,* leaving the jury to say whether a violation, under all the circumstances, constituted negligence as *matter of fact.* It is contended the court erred in these instructions.

[1] It is a general rule of law that the violation of an ordinance is not ordinarily necessarily negligence, but is evidence from which negligence may be found as matter of fact. The decisions to this effect are numerous. Fluker v. Ziegele Brewing Co., 201 N. Y. 44, 93 N.

E. 1112, Ann. Cas. 1912A, 793; Knupfle v. Knickerbocker Ice Co., 84 N. Y. 488; McGrath v. N. Y. C. & H. R. R. Co., 63 N. Y. 522; Donnelly v. City of Rochester, 166 N. Y. 315–319, 59 N. E. 989; Marino v. Lehmaier, 173 N. Y. 538, 539, 66 N. E. 572, 61 L. R. A. 811; Lee v. Sterling Silk Mfg. Co., 115 App. Div. 591, 101 N. Y. Supp. 78.

[2] We can conceive cases may arise where the ordinance and its violation may be of such a nature and character as possibly to be deemed negligence per se. The circumstances of this case, we think, do not justify any such holding.

We must not forget that the evidence shows that the rules and practice of the defendant required motormen to stop their cars before reaching Ellicott street, at or near the "stop sign." To what extent the plaintiff had the right to assume the defendant would observe this rule and practice in governing his own movements was, it seems to us, a circumstance for the consideration of the jury as bearing on the question of the plaintiff's contributory negligence, assuming they found he was cutting a short corner. Some of the defendant's own witnesses only placed the point of collision slightly east of the center line of Ellicott street—a trifling violation of the ordinance at most.

We do not think the court erred in its rulings upon the requests submitted. See also, the case of Mendleson v. Van Rensselaer, 118 App. Div. 517, 103 N. Y. Supp. 578.

[3] The court was also asked to charge the jury:

"That if the proof adduced by the defendant as to the accident happening east of the middle of Ellicott street extended is believed by the jury, that then, no matter whether the defendant was negligent, and no matter if the defendant was not negligent, that the plaintiff cannot recover."

The court refused to charge the request, and it is urged this refusal was error.

Cases often may arise where the established facts are so at variance with the cause of action alleged as to make the conflicting theories irreconcilable. Such was the case of Anderson v. Third Avenue Ry. Co., 36 App. Div. 309, 55 N. Y. Supp. 290, as where the complaint alleged that the plaintiff was injured while attempting to board a car when stopped. It was held a recovery was not allowable if the car was moving. In this very case, however, Judge Cullen said:

"I am in favor of reversing this judgment, and am of opinion that under the facts of this case it was error to refuse to charge that if the plaintiff attempted to board the car while it was moving, and in such attempt was injured, the verdict should be for the defendant. But I reach this conclusion only because the testimony in the case presented two irreconcilable theories of the manner in which the accident was occasioned, and a finding that the car was moving when the plaintiff attempted to get on was fatal to the plaintiff's theory. But it must not be understood that every inaccuracy or mistake made in the testimony of a witness as to the manner in which an occurrence has transpired is fatal to the party's claim. When the credibility of a witness is for the jury to pass upon, the jury is not limited to rejecting or accepting his testimony in whole; they may accept part and reject part. We can well suppose a case in which the jury might find that the plaintiff was in error, or even untruthful, in a statement that the car was at rest when he started to board it or to alight from it, and yet the negligence of the company and the plaintiff's own freedom from contributory negligence might sufficiently appear from the evidence, despite the fact that the car was moving.

In such a case a finding that the car was moving at the time of the accident would not defeat the plaintiff's recovery, even though he contended that the car was at rest. I fear that some expressions in the opinion delivered in the case of Patterson v. Westchester Electric Railway Co., 26 App. Div. 336, 49 N. Y. Supp. 796, unless construed strictly with reference to the precise facts of that case, may prove misleading as announcing a rule of law not invariably applicable; and I do not wish that there should be misunderstanding on the question, as there was the same irreconcilable conflict of theory in that case as in the one now before us."

In the case of Rosenberg v. Third Ave. R. R. Co., 47 App. Div. 323, 61 N. Y. Supp. 1052, affirmed in 168 N. Y. 681, 61 N. E. 1151, the complaint alleged the car had stopped to permit the passenger to alight, but was suddenly started while he was endeavoring to alight, and the proof by the plaintiff and some of his witnesses tended to show the car had not entirely stopped, and it was held there was no error in permitting an amendment to the effect that the car had "nearly stopped."

The court said no new cause of action was added, nor was there a radical change in the act of negligence as originally averred when the circumstances of the case were considered.

Whether the collision in this case occurred just west or just east of the center line of Ellicott street did not materially change the nature or character of the negligence alleged. Whether one or the other fact was true, it was but a circumstance bearing on the main questions at issue and litigated on the trial, to wit, whether the defendant was negligent, and the plaintiff free from negligence, in the management and control of the vehicles they were operating and driving. All proper allowance must be made for the fallibility of human testimony, and the different impressions and recollection of different witnesses to an occurrence. Few cases better illustrate the fact that honest witnesses do not see or remember things the same, than the one now under consideration.

The motion for a new trial should be denied.

So ordered.