## PRATT v. UTAH LIGHT & TRACTION CO.

No. 3131.   Decided February 5, 1918.   (169 Pac. 868.)

1. APPEAL AND ERROR—REVIEW—WEIGHT OF EVIDENCE. The Supreme Court is not authorized by the Constitution to inquire into or consider the weight of evidence.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. A definition of contributory negligence as want of ordinary care, though abstractly correct, should be specifically applied to the circumstances of the case.[1]

3. TRIAL—INSTRUCTIONS—ISSUES TO BE SUBMITTED. Each party is entitled to have his theory submitted to the jury if there is any evidence to sustain it.[2]

4. TRIAL—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE. In an action for injuries, to intending passenger on a street car by movement of the car while he was boarding it where the railway alleged that the car was moving and he attempted to board it while it was in motion, it was error to refuse all instructions requesting submission of such issue.[3]

5. APPEAL AND ERROR—REVIEW—HARMLESS ERROR. Although intending passenger injured when thrown from the street car al-

[1] *Furkovich* v. *Bingham Coal & Lumber Co.*, 45 Utah, 89, 143 Pac. 121.

[2] *Hartley* v. *Salt Lake City*, 41 Utah, 121, 124 Pac. 622.

[3] *Paul* v. *Railroad*, 30 Utah, 46, 93 Pac. 564.

leged only one ground of negligence, instruction that, if he proved one or more acts of negligence, he could recover, was not ground for reversal.

Appeal from District Court, Third District, Salt Lake County; *Harold M. Stephens*, Judge.

Action by O. B. Pratt against the Utah Light & Traction Company. Judgment for plaintiff, and defendant appeals.

REVERSED for new trial.

*Bagley & Ashton*, of Salt Lake City, for appellant.

*Wm. H. King* and *S. A. King*, both of Salt Lake City, for respondent.

GIDEON, J.

Plaintiff brings this action to recover compensation for injuries alleged to have been received by him while attempting to board a car of defendant company on Main street, in Salt Lake City. The allegation of the complaint charging negligence is that while the defendant's car was standing on said street to receive passengers, and while the plaintiff was attempting to board said car and had advanced towards the steps thereof, and while in the act of stepping thereon, that the employé, to wit, the conductor, gave the signal to the motorman to move the car, and that such employés without warning, wrongfully and negligently, started the car, and the same was put in motion negligently by said employés, and by negligently starting the same without looking for persons, and especially this plaintiff, attempting to board such car, and while the plaintiff was in the act of stepping on said car, and without giving plaintiff sufficient time to safely get thereon, started the same, and, as a result thereof, the plaintiff was thrown violently to the pavement and sustained injuries.

The answer is a denial of the allegations, and as an additional defense it is alleged that the injuries the plaintiff

received, if any, were caused by plaintiff negligently and carelessly attempting to board the car of the defendant while the same was in motion and while the car was not at a regular. stopping place to take on and let off passengers.

The proof submitted by the plaintiff, including himself and one other witness, responded to and supported the allegations of the complaint. The testimony offered by defendant, consisting of five or six witnesses, responded to and tended to support the allegations of the defendant's answer. Trial was had to the court and jury, and resulted in a verdict in favor of the plaintiff. The defendant appeals.

The first assignment and objection urged by appellant is that the court should have directed a verdict in its favor by reason of the great weight of the evidence, as it is claimed, in favor of the contention of the defendant. Suffice it to say that there was substantial testimony to support the allegations of the complaint, and this court is not authorized, under the Constitution of this state, to inquire into or consider the weight of the evidence. The authorities cited in support of that contention from other jurisdictions cannot, in view of our Constitution and the rulings of this court, have any binding force here.

Numerous instructions were requested on the part of the defendant, and the failure to give those instructions or part of them is assigned as error. The instructions requested and refused were to the effect that the court advise the jury that, if they should find from the testimony that the plaintiff attempted to board the defendant's car while in motion, or if the injury was caused by any other act of negligence than the negligence charged in the complaint, the plaintiff would not be entitled to recover.

The court in its first instruction stated to the jury the ground of negligence charged in the complaint, and in its second instruction defined and stated the issues tendered by the defendant's answer. In the fourth instruction the jurors were told that before they could find a verdict for the plaintiff it was necessary for the plaintiff to establish by a preponderance of the evidence one or more of the acts

of negligence alleged in the complaint, and if they did not so find, their verdict must be against the plaintiff, but, should they find that the defendant was guilty of the negligence charged in the complaint, that it was their duty to find a verdict in favor of the plaintiff, unless they also found that the accident was due to contributory negligence on the part of the plaintiff.

In the eighth instruction the court defined what constitutes contributory negligence, and no objection is urged against that definition. It may be suggested, however, that the mere fact of advising the jury that contributory negligence is the "absence of ordinary care" is in no way helpful. It may be a correct statement of abstract legal principles, but such an instruction, to be of any assistance 2 to the jury, should in some way be tied to, or apply to, the particular facts in the case on trial. *Furkovich* v. *Bingham Coal & Lumber Co.*, 45 Utah, 89, 143 Pac. 121, L. R. A. 1915B, 426.

As indicated, the chief objection urged by appellant is that the court failed to direct, by precise or specific instruction, the attention of the jury to the issue made by it in its affirmative answer and to which practically all of its testimony was directed; that is, that the plaintiff did not attempt to board the car while it was standing, but did attempt to board it after it had been started and at a point which was not a regular stopping place. As presented by the pleadings, the issues are clear-cut and direct. It is affirmatively alleged in the complaint, and the testimony offered on the part of the plaintiff supports such allegation, that the car was not in motion when he attempted to board it, but was negligently started after he made such attempt, and as a result he received the injuries claimed. On the part of the defendant the direct allegations are, and the proof offered tended to support such allegations, that the plaintiff attempted to board the car while it was in motion, and as a result of such attempt he was thrown to the pavement and injured.

Each party to a suit is entitled to have his theory, when

there is evidence to sustain it submitted to the jury and the judgment of the jury on the facts tending to support such theory, assuming always that there is testimony **3** offered to support the same, and this court has so held in *Hartley* v. *Salt Lake City*, 41 Utah, 121, 124 Pac. 522, where, speaking through STRAUP, J., it is said:

"There are two parties to a lawsuit. Each, on a submission of the case to the jury, is entitled to a submission of it on his theory and the law in respect thereof. The defendant's theory as to the cause of the accident is embodied in the proposed requests. There is some evidence, as we have shown, to render them applicable to the case. That is not disputed. We think the court's refusal to charge substantially as requested was error. That the ruling was prejudicial and works a reversal of the judgment is self-evident and unavoidable."

To the same effect are the following authorities: *Knock* v. *Boston Elevated Ry. Co.*, 214 Mass. 398, 101 N. E. 968; *Chicago City Ry. Co.* v. *Harry C. Gates*, 135 Ill. App. 180; *Patterson v. Electric Ry. Co.* 26 App. Div. 336, 49 N. Y. Supp. 796; *Kaukusch* v. *Ry. Co.*, 153 Ill. App. 454; *Anderson* v. *Ry. Co.*, 36 App. Div. 309, 55 N. Y. Supp. 290; *Knoxville Traction Co.* v. *Carroll*, 113 Tenn. 514, 82 S. W. 313; *Peck* v. *St. Louis Transit Co.*, 178 Mo. 617, 77 S. W. 736.

The fourth request made by the appellant, in effect, requested the court to instruct the jury that, if they found from the evidence that plaintiff's injury was not caused "by the starting, from a position of rest," of the said car of the defendant, but was caused by his action in attempting to board such car while the same was in motion, then the plaintiff would not be entitled to recover. Respondent contends that the giving of that instruction as requested would have been erroneous, and not a correct statement of the law, and relies upon the ruling of this court in *Paul* v. *Railroad*, 30 Utah, 46, 83 Pac. 564, in support of that contention. The instructions given in that case upon which the case was reversed are as follows:

"(6) You are instructed that, even if you believe from the evidence in this case that the conductor failed or neglected to stop the car where requested by the plaintiff, or at its usual stopping place, still such failure or neglect would not justify the plaintiff

in attempting to leave the car while it was in motion; and if you believe from the evidence that the plaintiff did attempt to leave the car while it was in motion, she did so at her own risk, and if she was injured by reason of such attempt, then she was guilty of contributory negligence, and cannot recover.

"(7) If you believe from the evidence that the plaintiff had notified the conductor to stop on the upper side of Fourth street, and that the conductor rang the bell for that purpose, and that the car immediately began to slow down, but that the plaintiff, without waiting for the car to come to a full stop, undertook to and did step from the car while in motion, and as a natural result thereof was injured, then your verdict must be for the defendant."

As will be seen by an examination of those instructions, the court, in effect, told the jury that as a matter of law, if the plaintiff attempted to leave the car while it was in motion, she was guilty of contributory negligence. The reason assigned for holding that instruction bad was, that:

"The defendant would not only be liable, * * * but likewise would be liable if, the car having slowed down in response to her notice of a desire to leave the same, plaintiff attempted to alight, and the speed and surrounding conditions were such that the jury found it was not negligence to do so, and while making such effort to alight, the speed of the car was suddenly increased, by reason whereof she was thrown and injured."

The particular objections urged by appellant in this case do not seem to have been considered by the court in *Paul v. Railroad, supra,* and the instructions given there were, in effect, different from the instructions requested by the defendant in the present case. The court rightly held in that case that it cannot be said, as a matter of law, that every person who attempts to board a street car, or alight therefrom, while the same is in motion, is negligent. But, as indicated, there are only two issues in this case, or two theories as to how the accident happened. One is alleged in the complaint, and the other is relied upon by the defendant as an affirmative defense, and, under the authorities cited, both parties were entitled to have their particular theory of the facts submitted to the jury for determination.

The third instruction requested by defendant was to the effect that the plaintiff must recover upon the facts alleged in the complaint if at all: "and he is not entitled to a ver-

dict if injured as a result of other or different acts, or as the result of his own negligence either causing or contributing to the accident."

The fifth instruction requested was practically to the same effect, that is, if the jury found that the injury was caused in any other manner "than by the starting forward of the car from a standing position while plaintiff was in the act of boarding the same, then the plaintiff is not entitled to recover, and your verdict must be for the defendant."

Had the court given either of these instructions as requested or in substance and effect, we should be inclined to hold that the issue presented by the defendant's answer was sufficiently called to the attention of the jury, and its findings on that particular issue sufficiently determined. But, as indicated, there is nowhere in the instructions any direct or concrete statement instructing the jury that, if they found the facts as claimed by the defendant, the plaintiff would not be entitled to recover. This, in our judgment, should have been done, where the issues are definite and direct, and testimony is offered in support of the different positions taken by the plaintiff and defendant, the court should, by unequivocal and unambiguous instructions, direct the jury's attention to the issues of fact as thus presented to be determined by it, and there seems to be no good reason why such instructions should not have been given. Such, in our judgment, was not done by the court in its instructions in this case. The requests on the part of the defendant were seasonably made and were sufficient to direct the court's attention to the theory of the defendant's answer, and should have been given, if not in the words as submitted or requested, at least in substance and effect.

Appellant further assigns as error that the court, in its instruction No. 5, directed the jury that the plaintiff could recover if he proved "one or more" of the acts or omissions on the part of the defendant alleged in the complaint as negligent, and that that instruction was erroneous and prejudicial, as there is but one act of negligence al-

14 .SUPREME COURT OF UTAH [Dec.

leged in the complaint. That objection would not be sufficient to cause a reversal of the case, but there would seem to be no reason why the expression "one or more" should have been used by the court, because, as explained, there was but one act of negligence alleged in the complaint.

There are other errors assigned, but, as the case must be reversed for the reasons given, we do not deem it necessary to review those assignments.

It follows that the error of the court in refusing the requested instructions, or its failure to give the contents of such requests in substance, is prejudicial error, and the case must be reversed for a new trial. Such is the order.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.