## COYLE v. DAVIDSON.

· (Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. PLEADING—AMENDMENT OF COMPLAINT—CHANGE OF CAUSE OF ACTION—INJURY FROM DRAINAGE.

An original complaint alleged $1,500 damages to plaintiff's premises from water flowing from defendant's adjacent premises by reason of his negligence. An amended complaint alleged damages amounting to $5,000 from water percolating through the soil from defendant's premises, caused by his negligence in failing to keep a waste pipe and wash basin in proper repair, and in negligently allowing a water pipe to freeze and burst. It was further alleged that during four months defendant neglected to repair these defects "and abate the nuisance maintained upon his said premises," though repeatedly requested so to do,· and that during this period water kept constantly flowing into plaintiff's cellar, rotting the foundation walls, and depriving plaintiff's tenants of the use thereof, in consequence of which her tenants left, and plaintiff suffered great loss of rents. *Held*, that the amended complaint did not state a new cause of action, and should have been allowed.

Appeal from Special Term, New York County.

Action by Nellie M. Coyle against Solomon Davidson. From an order denying plaintiff's motion to serve an amended complaint, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William F. Burrough, for appellant.
John E. Ruston, for respondent.

LAUGHLIN, J. The original complaint was for $1,500 damages to plaintiff's dwelling and premises No. 396 Third avenue, in the city

of New York, by water flowing from adjacent premises owned by defendant, upon which there was a building, also owned by him, and near plaintiff's dwelling house, alleged to have been caused "by reason of the carelessness and negligence of the defendant." Issue was joined by the defendant's answer. The case was placed upon the calendar and moved for trial. Counsel for defendant moved to dismiss the complaint at the opening of the trial on the ground that it did not state facts sufficient to constitute a cause of action, claiming that it was to be inferred from the complaint that the water which caused the damage was surface water, for which no liability existed, under the authority of Vanderwiele v. Taylor, 65 N. Y. 341, and Lynch v. The Mayor, 76 N. Y. 60, 32 Am. Rep. 271. The court evidently adopted that view, and, upon counsel for the plaintiff requesting leave to withdraw a juror and to be permitted to apply at Special Term to amend, the court granted the application, and ordered that the complaint be dismissed, unless the plaintiff within two weeks after the entry and service of the order paid the attorneys for defendant $30 as a trial fee, and moved at Special Term to amend the complaint. The terms of the order were complied with. The plaintiff annexed to her moving papers a proposed amended complaint alleging damages to her said premises by water percolating through the soil from defendant's premises, caused by the negligence of the defendant in failing to keep a waste pipe attached to the water-closet in the rear of his adjacent premises in proper repair and to repair a break therein, and by failing to keep a wash basin in the rear of his premises in proper repair, and in negligently allowing a water pipe on his premises to freeze and burst. The complaint further alleges that the defendant during a period of four months failed and neglected to repair these defects "and abate the nuisance maintained upon his said premises, although repeatedly requested so to do by the plaintiff," and that during this period water kept constantly flowing into plaintiff's cellar, weakening, decaying, and rotting the foundation walls of plaintiff's cellar, and depriving plaintiff's tenants of the use of the cellar, in consequence of which her tenants left, and plaintiff "suffered great loss of rents," and that plaintiff's damages altogether amount to $5,000. The plaintiff shows that the damages she sought to recover under the original complaint are the same as those claimed under the amended complaint, except as to the amount, and that when the action was brought to trial her attorney considered the complaint sufficient to authorize a recovery thereof. The defendant contends that the proposed amended complaint states an entirely new cause of action. We think not. She complains of the same damages to her property. It is clear that a recovery under the original complaint would have barred any further recovery under the proposed amended complaint, and this is one of the well-recognized tests for determining whether a new cause of action is stated. Davis v. N. Y., L. E. & W. R. R. Co., 110 N. Y. 646, 17 N. E. 733, fully reported, 15 Civ. Pro. R. 62. The amendments merely amplify and perfect her pleading by setting forth more fully the grounds upon which the defendant is liable, and the items of damage. We think the amendment should have been granted in furtherance of justice. Rosenberg v. Third Ave. Ry. Co., 47

App. Div. 323, 61 N. Y. Supp. 1052, affirmed 168 N. Y. 681, 61 N. E. 1151; Ziegler v. Trenkman, 31 App. Div. 305, 52 N. Y. Supp. 613; Purdy v. The Manhattan Ry. Co. et al., 11 Misc. Rep. 394, 32 N. Y. Supp. 275. A sufficient cause for the delay in moving to amend as to the amount of damages is not shown to justify a delay of the trial by a formal motion at Special Term for that relief (Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106), but, since the plaintiff was obliged to amend in other respects to prevent the dismissal of her complaint, the amendment as to the amount of damages has not delayed the trial.

We are therefore of opinion that the order should be reversed, and motion granted, upon payment of $10 costs of the motion and all taxable costs of the action to date, except the trial fee, less $10 costs and disbursements of the appeal, which are awarded to plaintiff; the case to take its place upon the trial calendar according to the old date of issue. All concur.

---

STRAUS et al. v. AMERICAN PUB. ASS'N et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. INJUNCTION—GROUNDS—TEMPORARY INJUNCTION.

 Van Brunt, P. J., dissenting.

Appeal from Trial Term.

