(99 App. Div. 236)

### PRATT, HURST & CO., Limited, v. TAILER.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. PLEADINGS—AMENDMENT—CHANGE OF CAUSE OF ACTION—ACTIONS BY TENANT.

A complaint in an action by a tenant against his landlords alleged that defendants leased the roof of the building for a purpose for which it was not suitable, with the result that the roof became broken, in consequence of which damage was caused by leaking. A proposed amendment made additional charges of negligence, in that defendants, after they knew that the tenant of the roof had injured it, neglected to repair it, and to remove obstructions in drainage pipes which the tenant had, to the knowledge of defendants, negligently clogged. *Held*, that the amendment did not state a new cause of action.

2. SAME—FAILURE TO ALLEGE FACTS—EXCUSES.

Ordinarily a party will not be permitted to amend a pleading to set forth facts of which he had full knowledge at the time of interposing the original pleading, and facts satisfactorily excusing the failure to set forth all the material facts in the original pleading must be shown.

Appeal from Special Term, New York County.

Action by Pratt, Hurst & Co., Limited, against Edward N. Tailer, executor, etc., of Thomas Suffern, deceased, and another. From an order granting leave to serve an amended complaint, defendant appeals. Reversed.

¶ 2. See Pleading, vol. 39, Cent. Dig. § 677.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward B. Whitney, for appellant.

Arthur L. Marvin, for respondent.

LAUGHLIN, J. This action, which was commenced on the 9th day of January, 1901, is brought by a tenant of one floor of a building against its landlord to recover damages caused by leakage of rain water from the roof. The plaintiff is a corporation organized under the laws of Great Britain, but it has an office in the city of New York, and is duly authorized to transact business under the laws of this state. The verifications of the original and of the amended complaint were made by one Robert Martin, who has been the attorney of fact for the plaintiff since the year 1899, when the lease was made. The affidavit of verification in each instance shows that all the material allegations were within the personal knowledge of the attorney in fact. The original complaint alleged that, in violation of the rights of the plaintiff under its lease, the defendant, without its knowledge or consent, leased the right to use and occupy the roof of the building for a purpose for which it was neither designed nor suitable, with the result that the roof became worn, broken, and filled with holes. The purpose of the amended complaint is to allege further acts of negligence. The principal additional charge of negligence is that the defendants, after they acquired knowledge that their tenant of the roof had so broken and injured it that it would not turn rain, neglected to repair it; and that, after their tenant had negligently clogged the roof drainage pipes or leaders, to the knowledge of the defendants, they failed and neglected to remove the obstructions.

The amendment did not state a new cause of action, and was one which, in a proper case, should be granted. Coyle v. Davidson, 92 App. Div. 322, 86 N. Y. Supp. 1089. The moving papers, however, fail to excuse the failure or omission to allege these facts originally. The application is based upon the affidavit of said attorney in fact, and upon the original and proposed amended complaint and answer. The only facts stated in the affidavit having any bearing on the point now under consideration are that "the person in the office of the plaintiff who had charge of this case at its inception has since died," and that when the affiant called upon the attorneys to prepare the case for trial he "was advised that, according to the facts as now more fully known and stated," the complaint should be amended, setting forth "certain acts of negligence and breach of contract on the part of the defendant" not specifically alleged. This affidavit is insufficient, under the well-settled rule, which, as we have already stated, is that ordinarily a party will not be permitted to amend a pleading for the purpose of setting forth facts of which he had full knowledge at the time of interposing the original pleading, and that facts satisfactorily excusing the failure or neglect in not setting forth all the material facts in the original pleading must be shown. Mutual Loan Association v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112. In the case at bar neither is it shown that the new facts sought to be set up in the amended complaint were not known to the plaintiff or its attorney in fact, nor is any explanation

given of the omission to allege them originally. The plaintiff, therefore, failed to present a case warranting the granting of the amendment.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, but with liberty to renew on proper papers. All concur.

---

(99 App. Div. 209)

### GLEASON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. CARRIERS—RAILROADS—INJURIES TO PASSENGERS—BOARDING CAR—EVIDENCE.

Where plaintiff was injured, while attempting to board a horse car standing in the barn, by the premature starting thereof, and it appeared that plaintiff in boarding the car was preceded by another, plaintiff was entitled to answer whether he had got on cars at that place before, and if he knew what the custom was at that time with regard to passengers boarding cars at that point, to show that defendant was in the habit of receiving passengers at that place, which it denied.

2. SAME—ORDER OF PROOF—REDIRECT EXAMINATION.

Where evidence, sought to be elicited from plaintiff on redirect examination, went to plaintiff's cause of action, and related to a subject to which plaintiff's attention had not been directed either on direct or cross-examination, and as to which plaintiff might have been recalled and examined, it was not subject to exclusion, in the discretion of the court, because not offered on direct examination.

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.