KERBER STRAW HAT CORPORATION, Respondent, v. FREDERIC W. LINCOLN and Others, Doing Business under the Name of HENRY W. PEABODY & Co., Appellants.

First Department, January 19, 1934.

*Benjamin Jaffe* of counsel [*Jaffe & Jaffe*, attorneys], for the appellants.

*Leon Leighton*, for the respondent.

O'MALLEY, J.  Additional essential facts to those contained in the opinion of Mr. Justice UNTERMYER will be stated in the course of this opinion.

Plaintiff's motion for judgment on the pleadings was made upon the complaint, the answer and the reply.  No counter-motion for the dismissal of the complaint was made.

The answer denies in effect that the plaintiff is entitled to the refunds made or to be made and also the allegation that plaintiff has no adequate remedy at law.  The first defense is to the effect that plaintiff has such remedy.  The second defense is predicated upon an alleged custom or usage in the trade to the effect that an agreement that any change in rate in duty is for the account of the buyer has reference only to a change taking place before the delivery of the merchandise and that the change in rate in the case involved was made subsequent to delivery.  The third partial defense is to the effect that the defendants were required to pay fifty per cent of the amount of any refunds secured by them as attorneys' fees.  The reply admits this partial defense and makes claim to no more than fifty per cent of the refunds.

The complete defenses alleged are insufficient.  Plaintiff requires a decree in equity to obtain full relief.  Only the defendants, the seller and importer, in the circumstances here disclosed could enforce the refunds, the plaintiff having had no relations with the government.  (*Hager* v. *Swayne*, 149 U. S. 242; *Solomon Tobacco Co.* v. *Cohen*, 184 N. Y. 308, 314.)  The plaintiff is entitled, therefore, to be placed in a position where it may compel the defendants to proceed to collect if necessary.  (*Exton & Co.* v. *Home Fire & Marine Ins. Co.*, 249 N. Y. 258; *Croker* v. *New York Trust Co.*, 245 id. 17, 20.)  Only a court of equity may compel defendants to institute such proceedings.

On the other hand, if defendants have collected in whole or part, plaintiff likewise properly resorts to equity.  Under such circumstances the defendants have come into possession of funds of an unknown amount rightfully belonging to the plaintiff.  It stands in the position of a fiduciary.  The plaintiff is entitled to its more adequate remedy.  (*Fur & Wool Trading Co., Ltd.,* v. *Fox, Inc.,* 245 N. Y. 215.)

The defense of custom not only tends to contradict the plain and unambiguous terms of the contract but in addition seeks an interpretation of its language contrary to prior judicial construction of language of like import. (*Solomon Tobacco Co.* v. *Cohen, supra.*) In that case a purchaser's right to refunds resulting from a change in rate of duty was not affected by reason of the fact that the change in rate which gave the right to the refunds did not take place until after the delivery and payment for the merchandise. Where the meaning of a term has been judicially determined its meaning when used in transactions had thereafter must be taken to be that of the judicial interpretation, and testimony tending to show a different meaning is incompetent. (*Slocovich* v. *Orient Mutual Ins. Co.*, 108 N. Y. 56; *Home Ins. Co.* v. *Continental Ins. Co.*, 180 id. 389, 396, 397; 17 C. J. 512.)

These defenses being insufficient and the plaintiff having consented to accept fifty per cent of the amount of the refunds, it was entitled to judgment, unless, as is now suggested, the complaint itself is insufficient.

Referring now to the language of the contract, it is to be observed that the purchase price was predicated upon the defendants' "paying present rate duty on present valuation at port of shipment." The contract further provided that any change in such rate or advance or decline in value necessitating a change in the amount of duty was "for the account" of the plaintiff. No reference was made to "legal" rate. It was the "present rate" which was in the contemplation of the parties. The purchase price was to be increased to the extent of whatever rate of duty defendants were required to pay in the first instance. The fact that the rate charged in the first instance was higher than that ultimately fixed upon a reclassification of the merchandise in question did not deprive the plaintiff of the benefit of its contract.

Moreover, the defendants themselves, by their failure to urge the construction placed upon their contract by Mr. Justice UNTERMYER, have lent strong support to a contrary view.

It follows, therefore, that the order should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., and MARTIN, J., concur; TOWNLEY and UNTERMYER, JJ., dissent and vote to reverse and deny the motion.

UNTERMYER, J. (dissenting). The defendants appeal from an order granting the plaintiff's motion for judgment on the pleadings.

On October 11, 1926, the plaintiff purchased from the defendants constituting the firm of Henry W. Peabody & Co. 500 dozen hats to be shipped from Japan to the United States during the

month of January, 1927. The written contract of sale contained the following provisions: " Price: (N. Y. funds) $5.60 per dozen duty paid f. o. b. New York. The selling price in this order is based on Henry W. Peabody & Company paying present rate duty on present valuation at port of shipment. Any change in rate or advance or decline in value necessitating a change in the amount of U. S. Duty is for the account of the Buyer."

The complaint alleges that upon arrival at the port of New York a duty of thirty-five per cent *ad valorem* was imposed upon the merchandise by the Collector of the Port and was paid by the defendants under protest. From that ruling the defendants appealed to the United States Customs Court, which held that the merchandise was dutiable at the rate of twenty-five per cent and not at the rate of thirty five per cent *ad valorem*. In consequence of this decision the defendants have received or will receive a refund of the ten per cent excess duty so paid. The present action is for judgment declaring that any refund of duty is to be held by the defendants in trust for the plaintiff to be accounted for in accordance with the provisions of the contract. The answer does not deny the material allegations of the complaint so that the question which is determinative of this appeal is whether a cause of action is stated in the complaint.

Upon the uncontroverted facts alleged in the complaint I think the plaintiff is not entitled to recover. The parties contracted, and the stipulated price of five dollars and sixty cents per dozen was determined, upon the assumption that the defendants should pay the " present rate duty on present valuation " at the time the contract was made, and this is precisely what the defendants have paid. The parties likewise agreed that " any change in rate or advance or decline in value necessitating a change in the amount of U. S. Duty " should be for the account of the plaintiff, the buyer of the merchandise, and there has been no change in duty or in valuation. If any change of rate had occurred between the date of the contract and the imposition of the duty, the plaintiff would, of course, have been liable for any increase and entitled to any reduction. (*Wayne County Produce Co.* v. *Duffy-Mott Co.*, 244 N. Y. 351; *Solomon Tobacco Co.* v. *Cohen*, 184 id. 308.) But here the legal rate, as the decision of the Customs Court attests, was twenty-five per cent and there is no suggestion in the complaint that the correct rate, or even the rate commonly imposed on merchandise of this character at the port of New York, was more than this. The rate of duty, therefore, was the same when the contract was made as when the duty was imposed. The decision of the Customs Court did not constitute " any change in rate." It was merely a determination that the existing rate of duty, with reference to which the parties

must have intended to contract, was twenty-five per cent instead of thirty-five per cent erroneously or inadvertently imposed. The complaint does not justify any inference that the parties acted under a mistake concerning the correct rate of duty on merchandise of this character, or that the defendants paid less duty than it was contemplated they should pay. The provisions of the contract on which the plaintiff relies could only have been intended to apply if the rate of duty or the valuation of the merchandise was changed by act of law between the date of the contract and the imposition of the duty.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

TOWNLEY, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.