JOSEPH ROTBERG and Another, Copartners, Doing Business under the Firm Name and Style of ROTBERG & KRIEGER, Respondents, v. M. S. & J. A. WORKMAN, INC., Appellant.

No opinion. Present — Martin, P. J., Merrell, O'Malley, Townley and Untermyer, JJ.; O'Malley, J., and Martin, P. J., dissent and vote to affirm. Dissenting opinion by O'Malley, J.

O'MALLEY J. (dissenting). The appeal herein brings up for review the propriety of an order denying for the second time an application by defendant for leave to serve an amended answer setting up an equitable counterclaim for the reformation of the contract sued upon.

The defendant through a broker sold to the plaintiffs' firm, an undisclosed principal, a quantity of tanned Chinese dogskins at a price of six dollars and forty-nine cents per skin, plus actual duty, which, according to the broker's notes, was to be paid by the defendant as seller for the account of the plaintiffs as buyers. The complaint shows that after plaintiffs had paid the purchase price, together with the amount of the duty paid by the defendant, and brokerage fee, the defendant filed a protest against the assessment; that thereafter, the United States Customs Court sustained the protest, and that pursuant to this order the collector of customs reliquidated the entry and refunded to the defendant the sum of $2,072.25, for which amount, less attorney's fees paid by the defendant in the sum of $207.23, plaintiffs have brought this action. In the original answer the defendant tendered general issues as to some of the material averments of the complaint.

Under the form of the transaction and the wording of the contract, any refund obtained by the defendant on the duty paid would be for the benefit of the plaintiffs as purchasers. (*Solomon Tobacco Co.* v. *Cohen*, 184 N. Y. 308; *Wayne County Produce Co.* v. *Duffy-Mott Co., Inc.*, 244 id. 351; *Kerber Straw Hat Corp.* v. *Lincoln*, 239 App. Div. 727; affd., 266 N. Y. ——.) The contract as signed by the defendant, therefore, was plain and unambiguous, particularly in view of the prior judicial constructions of language of like import. (*Kerber Straw Hat Corp.* v. *Lincoln*, *supra.*)

Relying upon the authorities cited, the plaintiff moved for summary judgment. Thereupon the defendant moved for leave to amend the answer, which first motion was denied by Special Term without prejudice to a renewal upon papers showing that the proposed counterclaim for reformation was meritorious. Pursuant to the permission so given the present motion was made. The affidavit in support of the motion was made by defendant's president, who is alleged to have handled the transaction on behalf of his corporation. He states that the purpose of seeking the amendment to plead the counterclaim for reformation so as to show that defendant would be entitled to retain any refund of customs duties, was for use in

opposition to plaintiffs' motion for summary judgment. This reason in and of itself was clearly insufficient. In opposing a motion for summary judgment a party is not bound by his pleading as it actually stands. He is entitled to defeat the motion by showing facts entitling him to defend. It is immaterial that those facts have not been formally pleaded. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Perlman* v. *Perlman*, 235 App. Div. 313.)

It is further to be noted that the defendant does not show that the facts on which the alleged counterclaim in the amended pleading is to be predicated were not within its knowledge at the time of the service of the original answer. Defendant's papers, therefore, might well be deemed insufficient to invoke the court's discretion in its behalf. (*Pratt, Hurst & Co., Ltd.*, v. *Tailer*, 99 App. Div. 236, 238.)

Proceeding, however, to a consideration of the motion upon the merits, the order properly denied defendant's application. While plaintiffs' president states that it was understood, at least by him, during the negotiations with the broker, that any refunds of customs duties would go to the defendant, no facts are set forth showing either that defendant was misled by any fraud or misrepresentation when the contract was signed, or that there was a mutual mistake as to its terms and purport, nor even a scrivener's error. Irrespective of what the defendant had previously agreed to, it would be bound by the contract as signed when neither fraud, misrepresentation nor mutual mistake as to its contents obtained.

The order appealed from, therefore, should be affirmed, with twenty dollars costs and disbursements to the respondents.