THE FIREPROOF PRODUCTS CO., INC., Plaintiff, *v.* AMERLUX STEEL PRODUCTS CORPORATION, Defendant.

City Court of New York, Trial Term, Bronx County, May 11, 1936.

*Samuel Herbsman*, for the plaintiff.

*Stephen Brooks-Rosenthal [Max Edelman* of counsel], for the defendant.

EVANS, J.   Between June and September, 1928, defendant, by five separate contracts, sold to plaintiff steel angles and channels, imported from Europe. This merchandise was dutiable, under paragraph 312 of the Tariff Act of 1930 (46 U. S. Stat. at Large, 590, at p. 612), at one-fifth of a cent a pound. The Customs Collector, zealous in his duties towards the government, thought this merchandise was dutiable, under paragraph 304 of the Tariff Act of 1930 (46 U. S. Stat. at Large, 590, at p. 610), at three-tenths of a cent a pound. He demanded the higher duty. The seller

paid it under protest, and, subsequently, by appropriate proceedings, recovered the overcharge from the government. Plaintiff, by this action, seeks to recover from defendant the net amount of its recovery from the government, claiming to be entitled to it by the contracts of sale.

So far as material, the contracts of sale specify the following: One group of contracts reads: " Price — $2.27 " and " $2.50 " and " $2.01 Flats $2.05 angles " and all " per 100 lbs. F. O. B. Dock Manhattan."

The other group of contracts reads: " Price $2.00 per 100 lbs." and " $1.96 Bands, $1.93 angles per 100 lbs." and all " C. I. F. New York (Manhattan) duty paid, including inspection by P. T. L. and insurance against bending and supervision by Maritime Inspecting and Forwarding Co."

All of the contracts contain the clause: " In case price of contract is duty paid it includes the rate of duty of the customs tariff now in force, eventual changes of duty being for the customer's account."

For the purposes of this litigation, it is unnecessary to classify the contracts into two groups. The reason is that, under all contracts, the seller was obliged to pay the duty before delivery. In that sense, all the contracts were " duty paid."

The contracts of sale plainly provide that, if there be a change in the rate of duty of the customs tariff, the buyer is burdened with any increase, and benefited by a decrease, although, in the first instance, the seller pays the duty. In that sense they are similar to the contract of sale in *Wayne County Produce Co.* v. *Duffy-Mott Co.* (244 N. Y. 351).

But the contracts at bar speak of the " rate of duty of the customs tariff now in force." That means the lawful rate of duty, and not the mistaken rate of duty demanded by the Customs Collector. The " rate of duty of the customs tariff " is fixed by appropriate legislation, and not by the Customs Collector. His errors of judgment in the interpretation of the Tariff Act do not change the lawful rate of duty. The parties here contracted with respect to any changes in the lawful rate of duty, and not with reference to what the usual judgment of the Customs Collector was about the proper rate of duty on this merchandise. In that sense the contracts at bar are different from the sale contract interpreted in *Kerber Straw Hat Corp.* v. *Lincoln* (239 App. Div. 727; affd., 266 N. Y. 410).

The difference between the contract at bar and the one in the *Kerber* case is that the contract at bar speaks of the " customs tariff now in force " and the contract in the *Kerber* case spoke of the

" present rate duty," which was susceptible of an interpretation that the rate of duty collected at the port, customarily, even though mistakenly, was in contemplation by the parties.

The court in the *Kerber* case held that the language used in that contract referred to the rate of duty usually collected by the customs port, and to any changes in such rate of duty, and not to the legal rate. The contract at bar is not susceptible of such interpretation. It plainly refers to the legal rate of duty.

The seller, having recovered nothing more than the overcharge, above the lawful rate of duty, is not obliged to pay that to plaintiff.

Judgment must, therefore, go in favor of defendant.