[No. 26385.   Department Two.   May 19, 1937.]

JOHN LUCAS *et al., Respondents,* v. PETER T. PANOS *et al., Appellants.*[1]

*Clarence L. Gere,* for appellants.

*Smith & Matthews* and *Elmer Goering,* for respondents.

[1]Reported in 68 P. (2d) 617.

RobINSON, J.—In this case, John Lucas, doing business as Lucas Flour Co., Consumers' Compressed Yeast Co., a corporation, and Louis E. Herzberg, an individual, joining as plaintiffs, brought an action against co-partners doing business as Peter Pan Baking Co., praying for the appointment of a receiver and seeking to collect their individual bills for materials furnished. No motion was made to separately state or for separate trial, but defendants demurred on the ground of misjoinder of parties plaintiff and filed a motion for a bill of particulars. A bill of particulars was furnished. The disposition of the demurrer is not shown, but defendants, in their answer, set up the alleged misjoinder as one affirmative defense, and, as another, that "plaintiffs and each of them have conspired together for the purpose of destroying the business of defendants," and that the action was not brought in good faith. To these affirmative defenses, a demurrer was sustained. Defendants did not elect to plead further, but went to trial, and, when witnesses were called to prove the claims of Consumers' Compressed Yeast Co. and of Herzberg, the appellants stated that no evidence was necessary, but that they would admit that these bills were due and payable.

It is assigned as error that the court erred in sustaining plaintiffs' demurrers to the defendants' affirmative defenses. In support of this assignment, it is stated that the error is so apparent on its face that no discussion will be indulged in. We will say, with equal brevity, that, if any harmful error was committed in sustaining the demurrers, it is not apparent to us.

It is further claimed that the court erred in admitting a statement of account offered on behalf of Lucas and testified to by him as having been taken from his ledger and correct to his personal knowledge.

The technical insufficiency of this evidence, if any, was later fully supplied. It appears in the record that the trial court continued the case for nearly two months in order to permit the appellants' attorney to examine and inspect the original books kept by Lucas, and that such examination and inspection was made.

■ It is also assigned as error that the court erred in receiving the testimony of Kennett Smith. The appellants made no objection to Smith's evidence at the trial, other than to object to a question propounded to him as leading. The question was thereupon withdrawn.

■ During the course of the trial, which began on January 24, 1936, appellants' attorney called the court's attention to the fact that the amount sued for by Lucas ($4,030) was wholly for flour furnished to defendants during the time that a processing tax was being collected on that commodity under the Federal Agricultural Adjustment Act; that the tax had recently been held illegal by the supreme court of the United States; and that he desired to amend his pleadings so that he might prove the amount of processing taxes paid on the flour furnished by Lucas to the defendants, to the end that that sum might be deducted from that plaintiffs' demand. Permission to amend was refused, but with the understanding that, when the trial should be renewed after the continuance to permit the defendants' attorney to examine the Lucas books to determine the number of barrels of flour involved, the application for amendment might again be made. When the trial was renewed on March 21, 1936, the defendants offered to prove from the books of Lucas that the flour furnished the defendants during the period that the processing tax was being collected amounted to 2,013 barrels, and that the average tax

amounted to approximately $1.39 per barrel. The offer was refused. This refusal is assigned as error.

It had been clearly proven during that portion of the trial held in January that Lucas, who was a flour jobber, bought the flour from the mills at the gross, going wholesale price, not a price made up of the market price plus a tax. It was also clearly proven that he sold it to the appellants at the going market price, not a price plus a tax. The appellants would call Lucas and ask the price of flour. He would quote it and they would give their orders.

In support of their contention, the appellants cite four cases: *Solomon Tobacco Co. v. Cohen,* 184 N. Y. 308, 77 N. E. 257; *Friend v. Rosenwald,* 124 App. Div. 226, 108 N. Y. Supp. 701; *Kerber Straw Hat Corp. v. Lincoln,* 239 App. Div. 727, 268 N. Y. Supp. 745, affirmed 266 N. Y. 410, 195 N. E. 130; and *Wayne County Produce Co. v. Duffy-Mott Co.,* 244 N. Y. 351, 155 N. E. 669. The first three cases cited are not at all in point, and the fourth is clearly distinguishable. In that case, in which the opinion was written by Mr. Justice Cardozo, the plaintiff had bought large quantities of sweet cider at fourteen and one-half cents per gallon, subject to a stated discount, plus, however, a manufacturer's war tax. The tax was mistakenly assessed with respect to sweet cider, as the courts afterwards held, and the defendant secured a refund. The plaintiff sued to recover the refund from the defendant. There, the plaintiffs had agreed to pay a stated sum per gallon and a stated tax in addition. The distinction is pointed out in the opinion in the following words:

"We think the plaintiff must prevail. This is not a case where the item of the tax is absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, though the annul-

ment of the tax may increase the profit to the seller [citing case]."

In the case at bar, the tax was absorbed in a total or composite price to be paid at all events. Furthermore, the annulment of the tax in no way increased the profit to Lucas.

A case where recovery was denied to the buyer, although the annulment of the tax increased the profit to the seller, is found in the decisions of the court of appeals of the District of Columbia. The tax involved was the same cider tax involved in the *Wayne Produce Co.* case, but, it appearing in this case that the seller merely added the tax to the price and that the plaintiffs paid the price which the defendants demanded for their goods, they were held not entitled to recovery. *Heckman & Co. v. I. S. Dawes & Son Co.,* 56 App. D. C. 213, 12 F. (2d) 154.

The rule applicable to the situation in the case at bar is stated in the case of *Texas Co. v. Harold,* 228 Ala. 350, 153 So. 442, 92 A. L. R. 523. In that case, the state of Alabama, for certain specified purposes, imposed a tax upon gasoline of one cent per gallon, and another of one and one-half cents per gallon. After the tax was imposed, the oil company raised the price of gasoline by the amount of the tax. Thereafter the two taxes were declared unconstitutional, and the plaintiff, a customer, sought to recover the amount which the Texas Company had received as a refund. The court held that, where the price was raised and quoted to include the tax and the tax was not billed as a separate item, the plaintiff was not entitled to recover. The court said, in part:

"If the tax was absorbed in the total price to be paid at all events, then it would follow, as we see it, that the plaintiff has no right to the money sued for. In

other words, if the price charged the plaintiff for the gas was placed at such figures as to take care of, or absorb the tax, and was to be paid at all events as the selling price of the gas and oil, the plaintiff is without remedy. His position would be no different than that of any other purchaser of goods who has to pay therefor a price, increased by the seller to take care of tariff or other taxes. We take it, in such a case, if the tariff or tax should be held illegal, the purchaser would not have a remedy against the seller to recover the amount of tariff or tax figured by the seller in fixing the price of the commodity."

In this case, the claim with respect to the illegal tax is not even asserted against the person who paid it. Lucas was not in a position to claim a refund. He was a jobber, not a miller, and paid no tax. His price to the appellants included no tax, and the judgment appealed from includes no tax.

The judgment is accordingly affirmed.

STEINERT, C. J., HOLCOMB, BEALS, and TOLMAN, JJ., concur.