■ PHOENIX INSURANCE COMPANY, Appellant, v. ATLANTIC NATIONAL INSURANCE COMPANY et al., Respondents.— Order, entered on March 22, 1960, denying plaintiff-appellant's motion to strike defenses contained in the amended answer pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice in an action on reinsurance agreements, reversed, on the law, with $20 costs and disbursements to the appellant and the motion granted, with $10 costs, with leave to replead solely in respect of the allegations of paragraphs 19 to 22, inclusive, denominated a second separate and distinct defense. The allegations of the first separate and distinct defense (paragraphs 16 to 18, inclusive) are grounded on a practice and custom not expressed in the reinsurance agreements. Custom and usage may not be availed of to import into a contract a new condition. (*Lawrence* v. *Maxwell*, 53 N. Y. 19, 21; *Collender* v. *Dinsmore*, 55 N. Y. 200, 208–209; *Pink* v. *American Sur. Co.*, 283 N. Y. 290, 296–297; *Hayward* v. *Wemple*, 152 App. Div. 195, 199; *Ford* v. *Snook*, 205 App. Div. 194, 197, affd.

240 N. Y. 624; *Kerber Straw Hat Corp.* v. *Lincoln,* 239 App. Div. 727, affd. 266 N. Y. 410.) The second separate defense is premised on the negligence of the plaintiff in procuring or failing to procure indemnity agreements. Assuming plaintiff's duty or obligation to the defendants in that regard, it is collateral to the reinsurance agreements. A breach of the duty or obligation may support a counterclaim for damages; it is not a complete defense to the causes of action alleged in the amended complaint. (See *Rosenwasser* v. *Blyn Shoes,* 246 N. Y. 340.) Concur — Botein, P. J., Valente, McNally and Eager, JJ.; Rabin, J., dissents in part in the following memorandum: I concur with the decision of the majority but would not grant leave to replead the second affirmative defense. The second affirmative defense pleads negligence. It is alleged " that the plaintiff negligently failed to obtain indemnity agreements ". Before the plaintiff may be held in negligence for failure to obtain such agreements, there must be found an obligation to do so. Resort to custom and usage cannot be had in order to impose such obligation upon the plaintiff. That, the majority has held in its decision and I concur in such conclusion. Nor may such obligation be found in agreements or representations made prior to the execution of the reinsurance contract upon which this suit is predicated. Any such agreements or representations would tend to vary and be merged in the written document which is complete on its face. Parol evidence may not be received to alter, modify or vary the terms of a written instrument (*Sabo* v. *Delman,* 3 N Y 2d 155, 161).